SEWCHULIS v. LEHIGH VALLEY COAL CO.

(Circuit Court of Appeals, Second Circuit. April 11, 1916.)

No. 193.

COURTS ☞344—FEDERAL COURT—DISTRICT COURT—SERVICE OF SUMMONS.

    Rev. St. U. S. § 914 (Comp. St. 1913, § 1537), declares that the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing in the state courts within which such Circuit or District Courts are held. This statute succeeded Act Cong. May 19, 1828, c. 68, § 1, 4 Stat. 278, declaring that the forms of mesne process and the forms and modes of proceedings in some of the courts of the United States shall be the same as those used in the state courts. In the state of New York, summons issuing out of the Supreme Court of the state may be served any place within the state; the Supreme Court being considered one tribunal, operating through many parts. Defendant, who had no office nor agent and transacted no business within the Eastern district of New York was served by delivery of a copy of summons on his agent in the Southern district. Held that, as the last statute should be construed in light of the prior act, such service was unavailing, notwithstanding the mode of serving process comes under the category of practice, for the provision is not intended to confer jurisdiction, but merely to regulate the practice, and, until jurisdiction is acquired, does not apply; this being particularly true in view of the limitation of the powers of the marshal to execute writs only throughout his district declared by Rev. St. U. S. § 787 (Comp. St. 1913, § 1311).

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. ☞344.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of New York.

Action by Charles Sewchulis against the Lehigh Valley Coal Company. There was a judgment or order setting aside service of summons, and plaintiff brings error. Affirmed.

Writ of error to review a judgment or order which set aside the service of a summons issued out of the District Court in an action at common law, and served by delivering a copy thereof to an authorized agent of the defendant at his office in the Southern district of New York. Defendant had no office nor agent, and transacted no business, within the Eastern district.

Baltrus S. Yankaus, of New York City (Frank J. Felbel, of New York City, of counsel), for plaintiff in error.

Allan McCulloh, of New York City (Clifton P. Williamson, of New York City, of counsel), for defendant in error.

Before COXE and ROGERS, Circuit Judges, and HOUGH, District Judge.

HOUGH, District Judge. The sole question for review is whether by virtue of section 914, Rev. St. U. S. (Comp. St. 1913, § 1537), a summons issuing out of any District Court of the United States within the state of New York may be served anywhere within said state, and jurisdiction secured thereby.

The argument for this proposition is that, since said section declares that "the practice, pleadings and forms and modes of proceeding in civil causes [in the District Courts] shall conform as near as may be to the practice and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which [said District Courts] are held," therefore the summons of any District Court sitting in the state of New York is as a matter of practice properly served at any place within the limits of the state, because such service may be made of a summons issuing out of the Supreme Court of the state.

The structural resemblance between the Supreme Court of New York and the four District Courts of the United States sitting in that state is very slight. The state court is one tribunal operating through many parts, sessions, or terms, and having a jurisdiction coextensive with the limits of the state. The District Courts are wholly separate tribunals, whose territorial jurisdiction does not extend beyond the district boundaries. Admittedly the mode of serving process comes under the category of practice and the state court custom may therefore be followed. Amy v. Watertown, 130 U. S. 304, 9 Sup. Ct. 530, 32 L. Ed. 946.

But there is a wide difference between the method of serving a summons and the effect of such service when made. The first relates to the "form, manner, and order of conducting and carrying on suits." [1]

---

[1] This is the definition of "practice" in Bouvier's Law Dictionary, which in Kring v. Missouri, 107 U. S. 231, 2 Sup. Ct. 443, 27 L. Ed. 506, is said to be "the best work of the kind in this country."

The effect of the formal act called "service" is not a question of practice at all, but one of jurisdiction, and jurisdiction in turn must be tested by substantive law. The portion of the Revised Statutes under consideration is the successor of the Act of Congress of May 19, 1828, c. 68, § 1, 4 Stat. 278, which declared that "the forms of mesne process * * * and the forms and modes of proceedings in suits in [certain] courts of the United States * * * shall be the same * * * as are now used in the highest court of original and general jurisdiction of the" states in which the federal courts are situated. In respect of this statute it was held in Bath County v. Amy, 13 Wall. at page 250, 20 L. Ed. 539, that:

"It was a process act, designed only to regulate proceedings in the federal courts after they had obtained jurisdiction; not to enlarge their jurisdiction. * * * It is quite too much to infer from this [statute] an enlargement of jurisdiction, or an adoption of all the powers of the state courts."

Section 914 must be construed in the same manner.

It may be further noted, as a necessary, if somewhat astonishing, result of the argument for the plaintiff in error, that the construction of the statute contended for would enable the District Court, by intrusting a summons to a private person, instead of to the marshal, to enlarge its jurisdiction to the limits of a state which contains four districts. By section 787, Rev. St. U. S. (Comp. St. 1913, § 1311), the marshal is empowered only to "execute throughout the district all lawful precepts directed to him and issued under the authority of the United States." Obviously, therefore, the marshal of the Eastern district can serve no summons within the Southern district; and it is certain that no law exists giving to a private person an authority in this regard which the marshal does not possess.

The judgment below is affirmed, with costs.

⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes