## ISER v. BROCKWAY.
### No. 9095.

District Court, W. D. Pennsylvania.
Oct. 6, 1938.

Robert F. Nevin, of Pittsburgh, Pa., for plaintiff.

Wm. A. Jordan, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action in trespass in which plaintiff, a resident of Pittsburgh, in this District, is seeking to recover damages for personal injuries alleged to have been suf-

**222**

fered by her while a passenger in an automobile being driven on a public highway of Pennsylvania in the County of Bedford in this District, owing to the negligence of defendant, a resident of the State of Massachusetts, in allowing her car to come into collision with the car in which plaintiff was riding as a passenger. The summons was issued to the marshal of this District, and served by the marshal of the Middle District upon the Secretary of Revenue of Pennsylvania at Harrisburg in the Middle District under the provisions of the Pennsylvania Act of May 14, 1929, P.L. 1721, as amended, 75 P.S.Pa. § 1201 et seq. The defendant has moved to quash this service and dismiss this suit.

The Act in question permits suit to be brought against a non-resident driver of an automobile for injuries sustained by another in Pennsylvania through the alleged negligence of said non-resident in the operation of a motor vehicle in this state, by serving the Secretary of Revenue of Pennsylvania, who is deemed the agent of the non-resident for that purpose.

In *Williams v. Meredith*, 326 Pa. 570, 192 A. 924, 115 A.L.R. 890, the Supreme Court of Pennsylvania held that suits under this Act must be brought in the county where the accident happened, when service may be had on the defendant, no matter where he may be. Under the Conformity Act, 28 U.S.C.A. § 724, therefore, this action in a Federal Court must be brought in the District where the accident occurred.

Therefore, it appears plain that this action was properly brought in this District, and that service on the Secretary of Revenue, who resides at Harrisburg in the Middle District, would be a proper service under this Pennsylvania Act. Such service was had in the instant case, even though the summons was served by the Marshal of the Middle District instead of by the Marshal of the Western District, to whom it was directed. In a similar case in the Eastern District of New York, that court held, in *De Laet v. Seltzer*, D.C., 1 F.Supp. 1022, that a summons was properly served on the Secretary of State in the Northern District of New York at Albany. We have here a situation where service would be good in a state court action and must therefore hold it valid under federal law. The Supreme Court made it plain in a recent case of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, that the substantive law of the state in which a cause of action occurs must be applied.

On the matter of jurisdiction, the statement of claim properly shows diversity of citizenship, and the requisite amount in controversy to give this court jurisdiction.

The motion to quash the service of the summons and dismiss the action will be denied.