## CLANCY v. BALACIER et al.

District Court, S. D. New York.
March 16, 1939.

ject matter of the action and that the motions should be denied.

Plaintiff sues for damages for personal injuries sustained on a public highway in the Borough of Manhattan, City of New York, on November 13, 1938, when an automobile, owned by the defendant, Big Boy Bottling Company, and driven by the defendant, Helen Balacier, with the owner's consent and while engaged in the business of the owner, struck the plaintiff causing her serious injuries. Both defendants are citizens and residents of West Virginia and the automobile bore a West Virginia license plate.

On February 11th, 1939, two copies of the summons and complaint, one for each defendant, were delivered to a regularly established office of the Secretary of State of the State of New York, located at 80 Centre Street, Borough of Manhattan, New York City, with a fee of $2 for each summons. The service was made by Ralph Brown, who was specially appointed by this Court for that purpose by an order dated February 10th, 1939. Rule 4(c). On February 11th, 1939, notice of such service and a copy of the summons and complaint were sent by him by registered mail to each defendant in West Virginia. Affidavit of service was filed with the Clerk of this Court on March 1st, 1939. Apparently the defendants refused to accept the registered mail and it became necessary for a deputy United States Marshal in West Virginia to personally serve a copy of the summons and complaint and the notice annexed thereto on the defendant, Helen Balacier, on February 18, 1939, and on the defendant, Big Boy Bottling Company, on February 18, 1939, according to his returns, verified February 27, 1939, filed in this Court March 1, 1939.

Service of the summons and complaint were in my opinion properly made on the defendants pursuant to Section 52 of the Vehicle and Traffic Law of the State of New York, Consol.Laws N.Y. c. 71, and Rule 4, subdivisions (d) (1), (d) (3), and (d) (7), of the new Federal Rules of Civil Procedure. For the provisions of the New York statute and the Federal Rules see note at end of opinion.

Under Rule 4(d) (1) the Secretary of State of the State of New York was "an agent authorized * * * by law to receive service of process" for the defendant, Helen Balacier, under Section 52 of the Vehicle and Traffic Law of the State

Harry B. Siegel, of Brooklyn, N. Y., for plaintiff.

Lester Weil, of New York City, for defendants.

LEIBELL, District Judge.

The defendants, appearing specially, move under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to quash the service of the summons and dismiss this action. I am of the opinion that this Court has jurisdiction of the defendants and of the sub-

of New York, Chap. 71 of the Consolidated Laws. The defendant did not expressly appoint the Secretary of State her agent, but under the statute the operation by her of a motor vehicle on a public highway in this state is equivalent to such an appointment. Shushereba v. Ames, 255 N.Y. 490, 492, 175 N.E. 187. Service at the local office of the Secretary of State in New York City was proper. Gruber v. Wilson, 276 N.Y. 135, 140, 11 N.E.2d 568.

■ Service on the defendant, Big Boy Bottling Company, a foreign corporation resident and domiciled in the State of West Virginia, was made pursuant to Rule 4(d) (3) by delivering a copy of the summons and of the complaint to an "agent authorized by appointment or by law to receive service of process". The Secretary of State, of New York State, was the agent "authorized by statute to receive service". Since the statute, the Vehicle and Traffic Law, also required it, a copy of the summons and complaint was sent by registered mail to the defendant.

■ However, the registered mail was refused by each defendant. Hence, the other method in place of mailing, authorized by the State statute, to wit, personal service on the defendant through a deputy United States Marshal, was followed as to each defendant. This was sanctioned by Rule 4(d) (7).

Defendants' motions to quash the service of the summons and dismiss the action are denied.

NOTE.—

"§ 52. Service of summons on nonresidents. The operation by a nonresident of a motor vehicle or motor cycle on a public highway in this state, or the operation on a public highway in this state of a motor vehicle or motor cycle owned by a nonresident if so operated with his. consent, express or implied, shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be·involved while operating a motor vehicle on such a public highway or in which such motor vehicle or motor cycle may be involved while being operated on such a highway with the consent, express or implied, of such nonresident owner; and such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state and within the territorial jurisdiction of the court from which the summons issues. A summons in such an action may issue in any court in the state having jurisdiction of the subject matter and be served as hereinafter provided. Service of such summons shall be made by leaving with, or mailing a copy thereof to the secretary of state at his office in the city of Albany, or by personally delivering a copy thereof to one of his regularly established offices, with a fee of two dollars, and such service shall be sufficient service upon such nonresident provided that notice of such service and a copy of the summons and complaint are forthwith sent by registered mail by the plaintiff to the defendant. The defendant's return receipt, the plaintiff's affidavit of compliance herewith, and a copy of the summons and complaint shall be filed with the clerk of the court in which the action is pending, or with the judge or justice of such court in case there be no clerk, within thirty days after the defendant's return receipt is received by the plaintiff. Service of process shall be complete ten days after the foregoing papers are filed. Service of such summons also may be made by leaving with, or mailing a copy thereof to the secretary of state at his office in the city of Albany, or by personally delivering a copy thereof. to one of his regularly established offices, with a fee of two dollars, and by. delivering a duplicate copy thereof, with the complaint annexed thereto, to the defendant personally without the state by a resident or citizen of the state of New York or a sheriff, under-sheriff, deputy-sheriff or constable of the county or other political subdivision in which the personal service is made, or an officer authorized by the laws of this state, to take acknowledgements of deeds to be recorded in this state, or an attorney and/or counselor at law qualified to practice in the state where such service is made, or by a United States marshal or deputy United States marshal. Proof of personal service without the state shall be filed with the clerk of the court in which the action is pending within thirty days after such service. Personal service without the state is complete ten days after proof thereof is filed. The court in which the action is pending may order such extensions as may be nec-

essary to afford the defendant reasonable opportunity to defend the action."

"Rule 4. Process

\* \* \* \* \* \*

"(d) Summons: Personal Service.

\* \* \* \* \* \*

"(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

\* \* \* \* \* \*

"(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

\* \* \* \* \* \*

"(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."