## F. & M. SKIRT CO., Inc., v. A. WIMPF-HEIMER & BRO., Inc.

### No. 7347.

District Court, D. Massachusetts.
April 3, 1939.

Myer L. Orlov, of Boston, Mass., for plaintiff.

Nutter, McClennen & Fish and Arthur E. Whittemore, all of Boston, Mass., for defendant.

Ropes, Gray, Boyden & Perkins and Charles C. Cabot, all of Boston, Mass., for Savles Finishing Plants, Inc., third-party defendant.

McLELLAN, District Judge.

The following statement may be taken, transcribed, and filed with the papers in the case:

In July, 1938, the plaintiff, F. & M. Skirt Company, brought an action in the state court against A. Wimpfheimer & Bro., Inc., a New York corporation, for breach of warranty that certain cloth purchased by the plaintiff from the defendant was washable. The action was removed by the defendant to this court. The defend-ant's motion to permit the filing of an amended third-party complaint against the third-party defendant was allowed on December 7, 1938. This complaint avers that the third-party defendant "is a corporation duly organized and existing under and by virtue of the laws of the State of Rhode Island and Providence Plantations and having its principal place of business in the Town of Saylesville, in said Rhode Island." In the third-party complaint, recovery is sought from the third-party defendant because the cloth was dyed by it under a contract stipulating that it would be washable. A summons issued on the third-party complaint on January 5, 1939, and was served in Rhode Island on an officer of the third-party defendant. The third-party defend-ant now moves to quash the writ of summons and vacate the return of service and for a dismissal of the action. For reasons not necessary now to discuss, the motion, in so far as it seeks a dismissal of the third-party complaint, is denied without prejudice.

Third-party practice under the new rules depends on Rule 14, 28 U.S.C.A. following section 723c, which provides: "Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him."

Rule 4 (f) provides: "All process other than a subpœna may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. * * *" There is apparently no special statute applicable to third-party practice authorizing service of process in another state.

Rule 82 provides: "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

In the light of the foregoing rules, the third-party's motion, in so far as it seeks the quashing of the summons and the vacating of the service, is granted and, as heretofore stated, the dismissal of the third-party complaint is denied without prejudice.