## MELEKOV v. COLLINS et al.

### No. 8501–M.

District Court, S. D. California, Central Division.

Nov. 9, 1939.

Morris Lavine, of Los Angeles, Cal., for plaintiff.

David H. Cannon, of Los Angeles, Cal., for defendant Edgar S. Vaught.

McCORMICK, District Judge.

Edgar S. Vaught, a defendant in this action, has appeared specially, challenging the jurisdiction of this court over his person, and in such manner, through his attorneys, a motion has been filed and presented to quash the service of summons had upon him in the Northern District of California at San Francisco. The proceeding has been properly taken. Rule 12 (b) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The action as laid by plaintiff in his complaint is for damages, and he alleges that plaintiff is a resident of Los Angeles, California, and that the movant defendant and all others made defendants in the case are and were at all times mentioned in the complaint citizens and residents of the state of Oklahoma. The acts alleged as the basis for the action are all averred to have been committed in the state of Oklahoma.

The case, as far as federal court cognizance is concerned, is in personam and is admittedly based exclusively upon diverse citizenship. There is no doubt under the record before us that the district court has jurisdiction of the subject of actions of the type of the case at bar, under the last clause of Section 112(a), Title 28 U.S.C.A. The issue is whether the district court, over the objection of the defendant, has acquired jurisdiction of his person in order to proceed further in this district court.

The only semblance of support for opposition to the motion to quash is found in Rule 4(f) of the Federal Rules of Civil Procedure, which, as far as pertinent to our problem, is as follows:

"(f) Territorial Limits of Effective Service.

"All process other than a subpœna may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. A subpœna may be served within the territorial limits provided in Rule 45."

It is undeniable that prior to the effectiveness of the new procedural rules the service upon the defendant would have been cancelled and rendered of no force upon his objection (Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119; Munter v. Weil Corset Co., 261 U.S. 276, 43 S.Ct. 347, 67 L.Ed. 652); and therefore the question for decision is whether under proper construction of the new Rules of Civil Procedure the motion must be denied.

Our first inquiry is to ascertain the extent of the power of the Supreme Court of the United States to prescribe rules which operate to change long established methods of civil procedure in actions in the federal courts.

■ Congress has in clear language defined the limits of the rule making power of the Court in the enabling act of June 19, 1934, c. 651, § 1, 48 Stat. 1064, Title 28 U.S.C.A. § 723b. This statute in its applicable part is as follows:

"§ 723b. Rules in actions at law; Supreme Court authorized to make

"The Supreme Court of the United States shall have the power to prescribe, by general rules, for the district courts of the United States * * * the forms of process, writs, pleadings, and motions, and the practice and procedure in civil actions at law. Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant. They shall take effect six months after their promulgation, and thereafter all laws in conflict therewith shall be of no further force or effect."

It is obvious that the only legislative authorization to establish rules to govern civil cases is such as provides solely for adjective matters in the course of litigation in controversies of a civil nature, as distinguished from substantive ones. The latter are to remain secure to all litigants. Undoubtedly Congress can enlarge the power of the district courts to send their process for service outside of the district. As far as we are informed it has not done so in actions like the one before us, except in the restrictive way of keeping unimpaired historical substantive rights which are claimed by litigants. Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684.

■ In my opinion, Rule 4(f) ex proprio vigore could not, even if there did not exist in the Federal Rules of Civil Procedure a correlative requirement, operate to compel the nonresident defendant Vaught to submit personally to the jurisdiction of this district court in the case at bar. This rule is necessarily and expressly limited in its scope by the Act of Congress.

■ But the limitations of the scope of Rule 4(f) are not entirely dependent upon the statute which we characterize as the enabling act, supra.

Rule 82, which is as much a part of the scheme of the modernized procedure in civil actions in the federal courts as Rule 4(f), is a definite statement that the long-established and well-settled principles of substantive rights of civil litigants remain intact. Rule 82 is as follows:

"Rule 82. Jurisdiction And Venue Unaffected

"These rules shall not be construed to extend or limit the jurisdiction of the dis-

trict courts of the United States or the venue of actions therein."

In Sewchulis v. Lehigh Valley Coal Co., 233 F. 422, the Second Circuit Court of Appeals aptly differentiates between the method of serving summons and the effect of such service when made, and shows that the latter activity is one which extends the jurisdiction of the District Court of the United States. Judge Hough, writing for the court, said:

"But there is a wide difference between the method of serving a summons and the effect of such service when made. The first relates to the 'form, manner, and order of conducting and carrying on suits.' The effect of the formal act called 'service' is not a question of practice at all, but one of jurisdiction, and jurisdiction in turn must be tested by substantive law."

If we apply the test of substantive law as it has been firmly established in the United States to the factual situation shown by the uncontradicted record before us relating to the service of summons upon the defendant, it is clear that the jurisdictional objection of the movant can not be denied. Accordingly the motion of defendant Vaught to quash, vacate and set aside the service of summons upon him in San Francisco, California, on August 3, 1939, is granted.

Our conclusion regarding the effect of Rule 4(f) is in line with the decision of the District Court for the Western District of Missouri in Gibbs v. Emerson Electric Manufacturing Company et al., reported in 29 F.Supp. 810.