**CARBY v. GRECO et al. (two cases).**
Nos. 121, 122.

District Court, W. D. Kentucky, Louisville Division.

Feb. 8, 1940.

252

Raymond C. Stephenson, of Louisville, Ky., for plaintiffs.

Thos. J. Wood, of Louisville, Ky., for defendants.

MILLER, District Judge.

These actions are submitted upon the defendants' motion in each case to quash the summons and the return of service thereon and to dismiss the action for lack of jurisdiction over the person of the defendants.

The petitions seek to recover damages for personal injuries suffered by the respective plaintiffs by reason of an automobile accident on November 4th, 1939, in Hardin County, Kentucky, which was caused by the alleged negligent operation of the automobile of the defendant John Greco by his agent D. G. Cate, who was also made a party defendant. Petitions allege that the plaintiffs are citizens and residents of Jefferson County, Kentucky, and that each of the defendants is a citizen of Alabama. Both Hardin County and Jefferson County are in the Western District of Kentucky where the action was filed. Summons was issued by the Clerk of the U. S. Court for the Western District of Kentucky and sent to the United States Marshal for the Eastern District of Kentucky who served the same, with copy of the petition attached, on the Secretary of State at Frankfort, Kentucky, which is in the Eastern District. The Marshal for the Eastern District made his return to the Clerk of the Western District. In addition, the Secretary of State notified the defendants by registered mail at the address given in the petition of the pendency of the two suits against them, inclosing a copy of the summons and petition, and later forwarded to the Clerk for the Western District copies of his letters to the defendants and the postal receipts signed by the defendants upon receiving the registered letters referred to. This procedure was in accordance with Sections 12-1 and 12-2 of the Kentucky Statutes. Section 12-1, Kentucky Statutes, provides as follows: "That any non-resident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to non-resident operators and owners of operating a motor vehicle or having same operated, within the Commonwealth of Kentucky, shall by such acceptance, and by the operation of such motor vehicle within the Commonwealth of Kentucky, make and constitute the Secretary of State of the Commonwealth of Kentucky his, her or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Kentucky against such operator or owner of such motor vehicle, arising out of, or by reason of any accident or collision or damage occurring within the Commonwealth in which such motor vehicle is involved."

This act was held constitutional by the Kentucky Court of Appeals in Hirsch v. Warren, 253 Ky. 62, 68 S.W.2d 767.

The defendants contend that they are not properly before the court in that they are not residents of Kentucky, have not been served with summons while in the Western District of Kentucky, and that the process issued from the Clerk for the Western District of Kentucky had no legal effect when served outside of the District. Plaintiff relies upon the provisions of Section 51 of the Judicial Code, being 28 U.S.C.A. § 112, which provides in part as follows: " * * * except as provided in sections 113 to 118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the facts that the action is between citizens of different States, suit

shall be brought only in the district of the residence of either the plaintiff or the defendant."

It is claimed that the actions are between citizens of different states, involve more than $3,000 exclusive of interest and costs, and are brought in the district of the residence of the plaintiffs, and that the procedure provided by the Kentucky Statutes for serving such a non-resident is sufficient to properly bring the defendants before the court.

It is well settled that, except where specifically authorized by a federal statute, the civil process of a federal District Court does not run outside the district, and that service outside of the district is void. Toland v. Sprague, 12 Pet. 300, 9 L. Ed. 1093; Munter v. Weil Corset Co., 261 U.S. 276, 43 S.Ct. 347, 67 L.Ed. 652; Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119; Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 277, 81 L.Ed. 289. Although the court for the Western District of Kentucky has jurisdiction over the subject matter of these actions and the venue is proper under Section 51 of the Judicial Code, yet it is also necessary that the court acquire jurisdiction over the person of the defendant before the action can proceed. The rule was stated in Employers Reinsurance Corp. v. Bryant, supra, as follows: "The defendant was not before the court, and therefore it was without jurisdiction to proceed with the suit. Counsel for the petitioner assume that the presence of the defendant was not an element of the court's jurisdiction as a federal court; but the assumption is a mistaken one. By repeated decisions in this Court it has been adjudged that the presence of the defendant in a suit in personam, such as the one now under discussion, is an essential element of the jurisdiction of a district (formerly circuit) court as a federal court, and that in the absence of this element the court is powerless to proceed to an adjudication."

Plaintiffs refer to and rely upon three district court cases which have upheld the jurisdiction over the defendant in cases arising out of similar facts. De Laet v. Seltzer, D. C., 1932, 1 F.Supp. 1022; O'Donnell v. Slade, D.C.,1933, 5 F.Supp. 265; Iser v. Brockway, D.C.,1938, 25 F. Supp. 221. Both the De Laet case and the Iser case are based upon the principle announced therein, that inasmuch as the service of summons would be good in a state court under the construction given by the state court to the statute in question, it should be held to be good by a federal court sitting within that jurisdiction.

The Iser opinion refers to the case of Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, as its authority for its ruling, stating that under that decision the substantive law of the state in which a cause of action occurs must be applied. I do not agree with that conclusion. In both cases the service of process was outside the territorial limits of the district and therefore void under the rulings of the Supreme Court referred to above. The rule announced by the decision in Erie Railroad Company v. Tompkins, supra, applies to the substantive law of the cause of action involved, but does not change the established principles relating to jurisdiction and venue in litigation in the federal courts. In cases which concern the jurisdiction of the federal courts, notwithstanding the Conformity Act, 28 U.S.C.A. § 724, neither state statutes nor decisions of the state court are conclusive upon the federal courts; the determination of such a question is for the federal court alone. Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 30 S.Ct. 125, 54 L.Ed. 272; Munter v. Weil Corset Co., supra.

The decision in O'Donnell v. Slade, supra, is based upon the principle that the defendant consented to be sued in a district other than that in which he resided by designating, by the provisions of the state statute, the Secretary of Revenue of Pennsylvania as his agent for the service of process. It is well settled that the statutory right to be sued in a certain district is a personal privilege which can be waived. In re Moore, 209 U.S. 490, 28 S. Ct. 585, 706, 52 L.Ed. 904, 14 Ann.Cas. 1164; Kreigh v. Westinghouse, etc., Co., 214 U.S. 249, 29 S.Ct. 619, 53 L.Ed. 984. Service of process was made within the territorial limits of the district. The same principle of law was also applied by the Supreme Court in its recent decision in Neirbo Company v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. ——, decided November 22, 1939. In that case summons was served within the territorial limits of the district. It is probably a proper extension of the rule to hold that under Section 12-1 of the Kentucky Statutes the use by a non-resident of the highways in Kentucky is a voluntary and valid designation by him of the Secretary

of State as his agent for service of process. Hirsch v. Warren, supra; Hendrick v. State of Maryland, 235 U.S. 610, 35 S.Ct. 140, 59 L.Ed. 385; Kane v. State of New Jersey, 242 U.S. 160, 37 S.Ct. 30, 61 L.Ed. 222. Accordingly, I agree with the theory and the result of the O'Donnell case. The facts of the present case are different from the facts in that case in that here service of process was made outside of the district. What effect, if any, that has upon the result, depends upon the construction accorded to Rule 4(f) of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Except for that rule such service would be void under the decisions above referred to, and jurisdiction over the defendants would not be acquired.

 Rule 4(f) provides: "All process other than a subpœna may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state." Plaintiff contends that this changes by statute the previous rule and makes the service valid. The case of Devier v. George Cole Motor Co., D.C., 27 F.Supp. 978, so held, but without discussing the point raised by defendants herein. Defendants contend that to so construe the rule would be in effect to extend the jurisdiction of the District Court in violation of Rule 82, which provides: "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein." Whether Rule 4(f) is jurisdictional or procedural is a question not free from doubt. See Reports of Institute on New Rules—at Cleveland, pages 183, 184, 205, 206, 217, 218—at New York, pages 291, 292, where the opinion was expressed that the rule did not extend the jurisdiction of the district courts, but was essentially procedural. See discussion of Rule 4(f) in Moore's Federal Practice under the New Rules: Vol. 1, Pages 297, 312, 313. On the other hand, it has been held in Melekov v. Collins, D.C.,1939, 30 F.Supp. 159, that such a construction of the rule was to extend the jurisdiction of the District Court and therefore unauthorized. Congress, of course, has the power to enlarge the jurisdiction of the District Court by statute, and make such service valid in a case of this kind. But it has not done so. The statute authorizing the adoption of the New Rules specifically refrains from doing so. Title 28 U.S.

C.A. § 723b. Rule 82 itself embodies this statutory restriction. In construing the rules it must be kept in mind that the method of serving a summons is procedural; the effect of such service when made is jurisdictional. Sewchulis v. Lehigh Valley Coal Co., 2 Cir., 233 F. 422; Keller v. American Sales Book Co., D.C., 16 F.Supp. 189. In the present case the effect of holding the service valid under Rule 4(f) is to obtain jurisdiction over the defendants, where jurisdiction did not exist except for the rule. Such a construction is unauthorized under Rule 82.

Defendant's motions are sustained.