**O'BRIEN et al. v. RICHTARSIC (LIND-HOLM, Third Party Defendant).**

**No. 540.**

District Court, W. D. New York.

July 31, 1941.

George E. Phillies, of Buffalo, N. Y., for plaintiffs.

Thomas O. Perrella, of New York City, for defendant Agnes Richtarsic.

Gibbons, Pottle & Pottle, of Buffalo, N. Y., for defendant Lindholm.

KNIGHT, District Judge.

The plaintiffs Thomas F. O'Brien and Margaret R. O'Brien, and the defendant Agnes Richtarsic are residents of this District. The defendant Alric C. Lindholm is not a resident of the District and resides in Pennsylvania. The defendant Lindholm was served with a summons and complaint in Pennsylvania. Upon motion the action was dismissed as against the defendant Lindholm on the ground that the court had no jurisdiction because the summons was served outside of this District. Thereafter on motion of the defendant Agnes Richtarsic an order was granted making the defendant Lindholm a third party defendant in the action and giving permission for the service upon him of a summons and complaint therein. Such summons and complaint were served on defendant Lindholm in Kane, Pennsylvania. The third party defendant Lindholm now appears specially and moves for an order dismissing the service of summons in third party complaint on several grounds. It seems necessary to consider only the ground raised that the court lacks jurisdiction over the person of this defendant.

The question for determination is an important and far reaching one. The plaintiffs and the third party plaintiff seek to sustain the third party claim by virtue of the provisions of Rule 14(a) and Rule 4 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. There can be little question that the third party claim herein is authorized under Rule 14(a). Rule 4(f) permits the service of process, except a subpoena, outside the limits of the state "when a statute of the United States so provides * * *." There are numerous statutes under which service outside the district and state is authorized. There is no statute specifically applicable to the instant claim. The plaintiffs seem to rely principally upon Rule 4(e) in connection with Rule 14(a). Rule 4(e) relates to the circumstances under which and the maner in which service "upon a party not an inhabitant of or found within the state" shall be made. Rule 4(d)(7) permits service as provided by the statute "or in the manner prescribed by the law of the state in which the service is made." There seems to me to be some conflict between Rule 4(d)(7) and 4(e), since one authorizes service without any order and the other requires an order fixing the circumstances under which and the manner in which service shall be made. Attention has been called to the inaccuracy in Rule 4(e) in the inclusion of the word "rule." Moore's Federal Practice, Vol. 1, page 341.

In the instant suit no order fixed the circumstances under which and the manner in which service of the summons was to be made. The order herein on the third party claim was granted ex parte. It simply provided for the bringing in of the third party defendant.

It is the claim of the third party defendant that there is no statute authorizing the service of process upon him and that in the absence of such statute the aforesaid rules directing service are of no effect herein. The statute authorizing the making of the Federal Rules of Civil Procedure prohibits the change therein of any substantive rights of any litigant. Section 723(b), Title 28 U.S.C.A. Rule 82, in harmony with that provision, states that it is not to be construed "to extend or limit the jurisdiction of the district courts * * * or the venue of actions therein." Attention is also called to the express limitation in Rule 4(f).

On the other hand the plaintiffs herein assert that the rules have the force of statutes and that Rule 4(e) does not affect any substantive right. Questions comparable in certain respects with the instant suit have been recently considered by

numerous district courts. Among such may be cited as supporting plaintiffs' claim: Iser v. Brockway, D.C., 25 F.Supp. 221; Williams v. James, D.C., 34 F.Supp. 61; Crum v. Appalachian Power Co., D.C., 27 F.Supp. 138; King v. Shepherd, D.C., 26 F.Supp. 357; Tullgren v. Jasper, D.C., 27 F.Supp. 413, 415; Satink v. Holland Tp., D.C., 28 F.Supp. 67; Kravas v. Great A. & P. Tea Co., D.C., 28 F.Supp. 66; Bossard v. McGwinn, D.C., 27 F.Supp. 412; Clancy v. Balacier, D.C., 27 F.Supp. 867. Some of these were suits brought originally against a noninhabitant and the effect of different methods of service. Some involved the question of ancillary jurisdiction in a third party claim and whether independent jurisdiction was requisite. These latter hold, in effect, that the third party claim does not need independent jurisdictional grounds for support.

On the other hand these cases in effect have held to the contrary: King v. Shepherd, D.C., 26 F.Supp. 357; Richardson v. Franklin County Distilling Co., D.C., 38 F.Supp. 513; Melekov v. Collins, D.C., 30 F.Supp. 159; Gibbs v. Emerson Electric Mfg. Co., D.C., 29 F.Supp. 810; Carby v. Greco, D.C., 31 F.Supp. 251; F. & M. Skirt Co. v. A. Wimpheimer & Bro., D.C., 27 F.Supp. 239. These find their bases on the position that the third party rule does not affect the jurisdictional requirements or extend venue; that Rule 82 controls in that respect; that jurisdiction in turn must be tested by substantive law. Sewchulis v. Lehigh Valley Coal Co., 2 Cir., 233 F. 422. They ignore the question of ancillary jurisdiction.

In Contracting Division, etc. v. New York Life Ins. Co., 2 Cir., 113 F.2d 864, 865, decided in this district, a motion was made to join certain nonresident parties. The application was based on Rules 13(h), 19(a) and 21. The court there said the moving party failed to take note of Rule 82 and that the nonresidence of those defendants presented "an insuperable obstacle to forcing them against their will into a suit in the southern district." That court cited in this connection Gibbs v. Emerson Electric Mfg. Co., supra, and Melekov v. Collins, supra.

It is clear that the only ground on which jurisdiction herein can be sustained is that the claim is ancillary and not open to the jurisdictional objection.

The law is well established that "Principal jurisdiction involves and carries along with itself power over matters that can properly be regarded as accessorial. * * * And by virtue of this principle the District Court has jurisdiction of many matters as ancillary over which there would be no jurisdiction, were these matters independent and standing alone." Loft, Inc. v. Corn Products Refining Co., 7 Cir., 103 F.2d 1, 10 (quoting Dobie on Fed. Procedure); Venner v. Pennsylvania Steel Co., D.C., 250 F. 292; Eichel v. United States F. & G. Co., 245 U.S. 102, 38 S.Ct. 47, 62 L.Ed. 177; Pell v. McCabe, 2 Cir., 256 F. 512; Wilson v. United American Lines, D.C., 21 P.2d 872. Webster defines ancillary as "designating or pertaining to a document, proceeding * * * that is subordinate to, or in aid of, another primary or principal one; as an ancillary attachment, bill, or suit presupposes the existence of another principal proceeding." 1 Bouvier's Law Dictionary, Rawle's Third Revision, p. 194, defines ancillary as "auxilliary", "subordinate." In Pell v. McCabe, supra [256 F. 515], 2 Cir., certain rules of determination were laid down. So far as could be relevant here two only need be given consideration. The ancillary process must be "to aid, enjoin, or regulate the original suit. * * * To prevent the relitigation in other courts of the issues heard and adjudged in the original suit, * * *." The cases last cited uniformly hold that ancillary jurisdiction in effect presupposes jurisdiction over the suit. Otherwise a claim could not be ancillary, and, of course, no jurisdiction be obtained.

While the third party claim sets up a separate cause of action from that in the original complaint, the transactions involved in both complaints are the same, and it seems to me the clearly expressed intent of the Federal Rules of Civil Procedure is that such claims might be joined as "in aid of the original suit" and "to prevent relitigation of matters related to the same transaction," and that, therefore, the third party claim is ancillary. I think this view accords with Moore's Federal Practice Vol. 1, p. 779 et seq.; 45 Yale Law Journal, 393; Clark and Moore "A New Federal Civil Procedure"; Hughes Federal Practice, Vol. 17, § 20800, p. 500, et seq.

Seemingly Rule 4(e) was intended to apply to suits in rem and suits where special statutes authorized an action against a noninhabitant. However to obtain legal service to sustain jurisdiction, ancillary or otherwise, in default of special statute,

Rule 4(e) must be followed. As heretofore pointed out, it was not.

■ Further, this court had no jurisdiction of the suit pending when this third party order was granted, since there was no diversity of citizenship. The court having no jurisdiction, it could not grant authority to serve any process. Jurisdiction could not be supplied by the addition of a third party noninhabitant defendant. It will be seen on examination of the cases hereinbefore cited supporting jurisdiction that none show facts comparable in these respects. Most of them consider the effect on jurisdiction already acquired. Satink v. Holland Tp., supra, held that the joinder of a resident plaintiff did not oust jurisdiction. In Crum v. Appalachian Power Co., Tullgren v. Jasper, and Bossard v. McGwinn, supra, there was original jurisdiction.

■ A further contention made by the plaintiffs is that the provisions of Section 233 of the Civil Practice Act of New York are applicable in effecting service of ancillary process without the state; that where no designated method is prescribed by the Federal statutes, the rule for service of process under the state law and practice should be followed. Cleaves v. Funk, 10 Cir., 76 F.2d 828; Keller v. American Sales Book Co., D.C., 26 F.Supp. 835. The New York Civil Practice Act contains no provision authorizing the service of summons outside of the state except on an order of the court. Sections 232, 233, 235. Further, a judgment obtained upon a service granted upon such an order is enforceable only against property held in the state. These references to the procedure under the Civil Practice Act are subject to certain exceptions, such as in the instance of corporations that have designated agents on whom service may be made within the state, and such as the provisions for service under the Motor Vehicle Law of New York State. Here no order was granted directing any service on the third party defendant.

■■ As an alternative method of serving process on this third party defendant, section 52 of the Vehicle & Traffic Law of the State of New York is invoked. This section applies only to motor vehicles operated on the public highways in the State of New York. The collision in question took place in Pennsylvania. Plaintiffs further say that Title 75 Vehicles, Chapter 4, § 1201, Laws of Pennsylvania, applies to the method of service. The language quoted by the plaintiffs in their brief reads: "Service of process in any civil suit or proceeding instituted in the courts of the Commonwealth." It has been held in numerous cases that service of process in suits to recover damages arising out of violation of state traffic law may be made as provided in Section 52, supra. Clancy v. Balacier, supra; Iser v. Brockway, supra; Malkin v. Arundel Corp., D.C., 36 F.Supp. 948. But as seen that does not help the plaintiffs. We do not need to base the service of process on the nonresident defendant on the ground that there is no statute providing for service according to Federal laws. Rule 4(d)(7) expressly provides that service may be made in the manner prescribed by the "law of the state in which the service is made." This provision presupposes jurisdiction of the party served. If we give the rules effect of statute with reference to the method of service, Rule 4(d)(7) must be read in connection with Rule 4(e). If so done, in the absence of express statute authorization, as stated, an order directing the circumstances under which and the manner in which service is to be made must be granted. Rule 4(e) is broad and its intent is to safeguard the methods of service of process upon noninhabitants.

For the reasons hereinbefore assigned, the motion to dismiss the suit as to the third party defendant is granted.