THOMPSON v. TEMPLE COTTON OIL CO. (SMITH, ROBSON & BURKART, Inc., et al., Third-Party Defendants).

SAME v. TEXARKANA COTTON OIL CORPORATION (NATIONAL ROSE SPRING & MATTRESS CO. et al., Third-Party Defendants).

Civ. A. Nos. 95, 96.

District Court, W. D. Arkansas, Texarkana Division.

June 6, 1942.

Henry Donham, of Little Rock, Ark., for plaintiffs.

Henry Moore, Jr.,[1] Head, Shaver & Williams, and James D. Head, all of Texar-

---

[1] Mr. Moore died shortly after his exhaustive brief was filed in these cases. He was one of Arkansas' most highly respected citizens and, at the time of his death, President of the State Bar Association.

kana, Ark., for defendants and third-party plaintiffs.

Canale, Glankler, Loch & Little, Frank J. Glankler, and James L. Hutter, Jr., all of Memphis, Tenn., and Carter & Smith and Willis B. Smith, all of Texarkana, Ark., for third-party defendant Smith, Robson & Burkart, Inc.

Canale, Glankler, Loch & Little, Frank J. Glankler, and James L. Hutter, Jr., all of Memphis, Tenn., Broudy & Broudy, J. L. Broudy, and M. R. Broudy, all of Norfolk, Va., and Carter & Smith and Willis B. Smith, all of Texarkana, Ark., for third-party defendant Norfolk Mattress Co., Inc.

Armstrong, McCadden, Allen, Braden & Goodman, J. S. Allen, and Benj. Goodman, Jr., all of Memphis, Tenn., and Carter & Smith and Willis B. Smith, all of Texarkana, for third-party defendant Trammell & Co.

Walter, Burchmore & Belnap and Robert N. Burchmore, all of Chicago, Ill., and Ned A. Stewart, of Texarkana, Ark., for third-party defendants Kauders-Steuber Co. and Chicago Felt Co.

Fulbright, Crooker, Freeman & Bates and W. N. Arnold, Jr., all of Houston, Tex., and Arnold & Arnold and R. L. Arnold, all of Texarkana, Ark., for third-party defendant Edgar L. Pearson & Co.

Gilliland & Gilliland and John R. Gilliland, all of Memphis, Tenn., and Arnold & Arnold and R. L. Arnold, all of Texarkana, Ark., for third-party defendants National Rose Spring & Mattress Co., Columbia Feather Co., Day & Pennepacker, and Fleck Bros.

LEMLEY, District Judge.

These are suits to recover alleged undercharges brought by the railroad company, in Civil Action No. 95 against the Temple Cotton Oil Company, and in Civil Action No. 96 against the Texarkana Cotton Oil Corporation, as defendants, respectively.

The complaints in the two actions are similar, and it is alleged in effect therein that the said respective defendants had made sundry carload shipments of cotton linters over the plaintiff's railroad and that the rates paid thereon were less than the proper tariff rates promulgated by the Interstate Commerce Commission, and judgment is prayed against said defendants for the difference. The defendants in both cases filed answers denying liability, and also filed third-party complaints against the respective third-party defendants hereinafter named, alleging that the said third-party defendants had prepared the bills of lading under which the cotton linters were shipped, that defendants and third-party plaintiffs in having said bills of lading signed by the railroad company acted merely as agents for the respective third-party defendants, who were in reality the owners of the linters, and praying judgment over against the third-party defendants in the event that judgment should be rendered against them on the original complaints.

The plaintiff is a citizen of Missouri. The defendants in both actions are citizens of Arkansas. Jurisdiction is predicated on 28 U.S.C.A. § 41(8), giving district courts jurisdiction of all suits and proceedings arising under any law regulating commerce.

In Civil Action No. 95 the third-party defendants are: Smith, Robson & Burkart, Inc., a Tennessee corporation, with its principal office and place of business in Memphis, Tenn.; Norfolk Mattress Company, Inc., a Virginia corporation, with its principal office and place of business in Norfolk, Va.; Trammell & Company, the trade name under which R. J. Trammell, a citizen of Tennessee, carries on his business, the principal place of which is located in Memphis, Tenn.; Kauders-Steuber Company, an Illinois corporation, with its principal office and place of business in Chicago, Ill.; Edgar L. Pearson & Company, the trade name under which Edgar L. Pearson, a citizen of Texas, does business, the principal place of which is located in Houston, Texas; and Chicago Felt Company, a partnership composed of William F. and Nina I. Hoeft, Samuel and Lena Hosna, and George E. and Lena Taylor, citizens of Illinois, the principal office and place of business of which is in Chicago, Ill.

In Civil Action No. 96 the third-party defendants are: National Rose Spring & Mattress Company, a Tennessee corporation, with its principal office and place of business in Memphis, Tenn.; Columbia Feather Company, an Illinois corporation, with its principal office and place of business in Chicago, Ill.; Day & Pennepacker, a partnership composed of Henrietta Day and Hamilton Sellers, citizens of Tennessee, with its principal office and place of business in Memphis, Tenn.; Fleck Brothers, a partnership composed of Walter L. Fleck and others, citizens of Minnesota, with its principal office and place of business in Minneapolis, Minn.; and Kauders-

Steuber Company, an Illinois corporation, with its principal office and place of business in Chicago, Ill.

Separate summonses were issued upon the third-party complaints and served upon the respective third-party defendants at their offices in the cities and states above named; and said third-party defendants have filed in said causes separate motions to quash the service of summons and dismiss the third-party complaints, the motions in question being accompanied by affidavits from which it appears that all of said third-party defendants are noncitizens of the State of Arkansas, have no offices or agents located within the State of Arkansas upon whom service could be had, and are not doing business within the state. In connection with these motions it is urged that this court has no jurisdiction over the person of said respective third-party defendants, first, because of improper venue, and secondly, because of defective service of process, in that the court has no power to issue its process for service outside of the territorial limits of the State of Arkansas and can, therefore, obtain no jurisdiction over the third-party defendants by reason of process served in another state.

Both of these questions have been fully briefed by the respective third-party plaintiffs and third-party defendants.

■ With reference to the question of venue, as pointed out in footnote 7 to page 49 of Mr. Alexander Holtzoff's "New Federal Procedure and the Courts," there is a cleavage in the authorities on the question as to whether venue requirements must be met as between the third-party plaintiff and the third-party defendant. In the instant cases, however, it is not necessary for us to pass upon that point, because, as we see it, this court has no jurisdiction over the person of the third-party defendants inasmuch as they were served with process outside of the State of Arkansas. Judge Mc-Lellan so held (and we think correctly) in F. & M. Skirt Co., Inc., v. A. Wimpfheimer & Bro., Inc., D.C.Mass., 27 F.Supp. 239, and we have been cited to no case to the contrary.

■ See also Hughes Federal Practice Jurisdiction & Procedure, vol. 17, § 18995, p. 206, where it is stated: "There is no authority for the service of third party process outside of the state in which the action is pending. Third party practice is governed by Rule 14 [Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723] but that rule must be read in connection with Rule 82 prohibiting a construction of the rules extending the jurisdiction of the District Courts or the venue of actions therein. Process under third party practice is governed by Rule 4(f) and as that rule, with exceptions not here pertinent, limits the arena of effective service to the state, it follows that in third party practice process does not extend beyond the state."

Counsel for third-party plaintiffs contend that there is an apparent conflict between Rule 4(f) and Rule 4(e), and argue that under Rule 4(e) the court can by "an order" provide for service of a summons outside of the state; and they cite in this connection certain language in O'Brien et al. v. Richtarsic, D.C.W.D.N.Y., 2 F.R.D. 42.

■ We do not think that there is necessarily any conflict between the two subdivisions of the rule, which subdivisions should, of course, be read together. When so read we think it is clear that it was not intended by Rule 4(e) to give the court authority merely by entering an order, and in the absence of statute, to provide for service of process outside of the territorial limits of the state. In O'Brien et al. v. Richtarsic, supra, the plaintiff and defendant were both citizens of New York. The third-party defendant was a citizen of Pennsylvania, and an attempt was made to serve him in that state with a summons issued on the third-party complaint. The court merely held that there being no diversity of citizenship between the plaintiff and defendant, jurisdiction could not be supplied by bringing in a third-party noncitizen defendant. This decision furnishes no authority for third-party plaintiffs' contention in the cases at bar.

The court having no jurisdiction over the person of the respective third-party defendants, the several motions to quash service and to dismiss are granted.