MILLER et al. v. HANO et al. (KENNEDY et al., Third-Party Defendants).

No. 7192.

District Court, E. D. Pennsylvania.

Dec. 23, 1947.

Edward S. Lower and Shoyer, Rosenberger, Highley & Burns, all of Philadelphia, Pa., for plaintiffs.

Lemuel B. Schofield, Morris Wolf, Wolf, Block, Schorr & Solis-Cohen, Lewis M. Stevens, and Stradley, Ronon, Stevens & Young, all of Philadelphia, Pa., for defendants.

WELSH, District Judge.

This is a motion by the third-party defendants to dismiss the third-party action, to vacate the order adding them as third-party defendants, and to quash the returns of service.

The original plaintiffs brought suit under the Securities Act of 1933, 15 U.S.C.A. § 77a et seq., against the original defendants for alleged losses incurred on account of misrepresentations contained in the Registration Statement of the Globe Aircraft Corporation in which plaintiffs had purchased preferred stock. The original defendants, Lester Hano et al., and Gearhart & Company, were the underwriters of the preferred shares issued by the Globe Aircraft Corporation and the individual defendant, Frederick Gearhart, was the person named in the Registration Statement who was about to become a director of the Globe Aircraft Corporation. The defendants, Lester Hano et al., moved under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to bring in as third-party defendants the various directors and officers of the Globe Aircraft Corporation. Pursuant to leave

granted, third-party complaints were filed against the third-party defendants and copies of the summons, the complaint and third-party complaint were served upon each of the third-party defendants outside the territorial limits of Pennsylvania—all being served in Texas with the exception of one who was served in California. All of the third-party defendants have moved to dismiss on the grounds that there is improper venue and no jurisdiction over the persons of the third-party defendants.

■ 1. Rule 4(f) of the Federal Rules of Civil Procedure deals with the territorial limitations on service of process and provides that "all process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state." It is evident from a reading of the Rule that it does not permit the service of process outside the state in which the district court is held in the absence of some statutory authority for such service. This conclusion was reached by the Third Circuit Court of Appeals in Orange Theatre Corporation v. Rayherstz Amusement Corporation, 1944, 139 F.2d 871. In that case, a plaintiff sued a corporation and its directors in the district court of New Jersey for violation of the Anti-Trust Laws, 15 U.S.C.A. § 1 et seq. The directors were served with process in New York and motions to quash the service and to dismiss the complaint as to the directors were affirmed on the ground that the service of process in New York did not confer upon the court jurisdiction over the persons of the directors. See also, Blank v. Bitker, 7 Cir., 1943, 135 F.2d 962 and Howard v. United States, 10 Cir., 1942, 126 F.2d 667.

■ 2. It has been held that the limitations contained in Rule 4(f) are applicable to the service of a third-party summons and complaint as well as to the service of the original summons and complaint. F. & M. Skirt Co. v. Wimpfheimer & Bro. D.C. Mass.1939, 27 F.Supp. 239; Thompson v. Temple Cotton Oil Company, D.C.W.D. Ark.1942, 2 F.R.D. 373. In F. & M. Skirt

Co. v. Wimpfheimer, supra, the defendant in an action brought in the district court of Massachusetts for breach of warranty sought to join a Rhode Island Corporation as a third-party defendant. A motion of the Rhode Island Corporation to quash the third-party summons and vacate the service was granted by the court on the ground that the service in Rhode Island did not comply with the provisions of Rule 4(f).

■ 3. It is contended that a third-party action is ancillary to the original action and that jurisdictional requirements need not be complied with in the third-party action. However, it is the opinion of this court that the cases cited in support of the contention have no application in the instant case, for it will be observed that the cases deal with the question of jurisdiction of the court over the subject matter and not with the question of jurisdiction over the person which is before the court at this time. None of the cases is authority for the proposition that the requirements as to service of process need not be satisfied in third-party actions.

It is interesting to note that the view expressed by us in connection with the ancillary approach to third-party actions are in accord with those expressed by Professor Moore in his work on Federal Practice. Professor Moore supports the view that the third-party action is ancillary to the original suit and that the requirements as to jurisdiction and venue need not be complied with in the third-party action. However, Professor Moore's discussion is limited to jurisdiction of the court over the subject matter and does not extend to service of process and jurisdiction over the person. On this latter point, he states: "In the latter instance (diversity of citizenship) the venue of the suit may be that of either plaintiff or defendant, and the only protections afforded to the non-resident defendant are the requirements surrounding the service of process. And in the case of both the third-party proceedings and the original suit, the territorial limits of process are governed by Rule 4(f)."

4. It is plain from the foregoing discussion that the extraterritorial service which

was made upon the third-party defendants is not authorized by the provisions of Rule 4(f) of the Federal Rules of Civil Procedure, but it is argued additionally that it is authorized by Section 22(a) of the Securities Act of 1933, 15 U.S.C.A. § 77v (a). That Section provides: "The district courts of the United States, the United States courts of any Territory, and the district court of the United States for the District of Columbia shall have jurisdiction of offenses and violations under this title and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found."

From the above quoted language it is clear that the service of process outside the territorial boundaries of Pennsylvania which was made upon the third-party defendants in the instant case is authorized provided the venue requirement of the Section is satisfied. On the latter point, we need only concern ourselves with the venue requirement relating to an "action [which] may be brought in the district * * * where the sale took place, if the defendant participated therein." The foregoing venue requirement is met if two conditions exist, i. e., the sale took place in the district where the action is brought, and the defendant participated therein. This Court is of the opinion that both conditions have been fulfilled. The reasons are as follows:

(a) Subsequent to the oral argument a stipulation was entered into by counsel on behalf of all the parties, with the exception of Norman Nicholson, one of the third-party defendants Mr. Nicholson was not represented by counsel but did submit a brief. The facts contained in the stipula-tion, we think, establish conclusively that the sale took place in the Eastern District of Pennsylvania, the district where the original action was brought.

The stipulation reads as follows:

"1. David London, one of the originally named plaintiffs, was the owner of record of Common shares of Globe Aircraft Corporation as of February 23, 1946, and thereafter Globe Aircraft Corporation, acting under the authority given to it by its stockholders and board of directors, offered to him, as a Common stockholder, rights to subscribe to its Preferred stock by sending to him at Philadelphia, Pa., a form subscription letter and prospectus on or about March 18, 1946, a true copy of which letter is attached to this stipulation.

"2. David London accepted the offer of Globe Aircraft Corporation by dating and mailing at Philadelphia, Pa., a check to Globe Aircraft Corporation for $2,394.00 on March 27, 1946, which check was received by Globe Aircraft Corporation at Fort Worth, Texas, and in consideration of which, Globe Aircraft Corporation issued to David London two hundred and sixty-six (266) shares of its preferred stock at $9.00 per share, and mailed the same to him at Philadelphia, Pa., where they were received by him.

"3. None of the third-party defendants had any personal dealings with David London in connection with his purchase from Globe Aircraft Corporation of the said Preferred stock. This provision of the stipulation is without prejudice as to the legal effect of the aforesaid subscription letter and of paragraphs 1 and 2 hereof."

■■ (b) But it is argued by the third-party defendants that the transaction referred to in the stipulation was not participated in by them. One answer to this argument is dependent upon a proper construction of the holding in Schillner v. H. Vaughan Clarke & Company, 2 Cir., 1943, 134 F.2d 875, 879. On the basis of Section 15 of the Securities Act of 1933, 15 U.S. C.A. § 77o, which provides that every person who controls through stock ownership or otherwise any person liable under Sec-

tion 12 is also made liable jointly and severally with and to the same extent as such controlled person, the court in Schillner v. H. Vaughan Clarke, supra, stated: "When the venue section, 15 U.S.C.A. § 77v(a), permits the suit to be brought in the district where the sale took place 'if the defendant participated therein,' we believe that the quoted phrase was intended to include as participants in the sale persons in control of the seller who are subject to the same liability as the seller itself." Clearly the Globe Aircraft Corporation under the facts contained in the stipulation participated in the sale and would be liable under the Act, and as we construe the holding in Schillner v. H. Vaughan Clarke, supra, we think the third-party defendants also participated in the sale if it has been shown that they controlled the Globe Aircraft Corporation. We believe the control as contemplated by Section 15 of the Act existed on the part of the third-party defendants over the Globe Aircraft Corporation under the facts and circumstances of the instant case, for it will be observed that the provisions of said Section 15 of the Act are broad and encompass control through agency or "otherwise" in addition to control through stock ownership as was present in Schillner v. H. Vaughan Clarke, supra. The circumstances indicating control with respect to John Kennedy, one of the third-party defendants, are that he was, as stated in the Registration Statement, the largest single owner of the common stock of the Globe Aircraft Corporation (owning almost 25% of said stock) and was the President and Chairman of the Board of Directors of the Corporation. The circumstances indicating control with respect to all of the third-party defendants (including John Kennedy) are that they were Directors and Officers of the Corporation and together they constituted the entire management of the Corporation—said management having been instrumental in causing the Corporation to issue the preferred stock.

Another answer to this argument is that the third-party defendants did in fact participate in the transaction mentioned in the stipulation. The stipulation which is set forth above discloses that Willard Nelson, one of the third-party defendants, signed the letter of offer on behalf of the Corporation and said letter was sent directly to David London, and all of the third-party defendants in this case are named in the prospectus which accompanied the letter.

5. It is contended finally that the rights asserted by the third-party plaintiffs against the third-party defendants have no relation to the Securities Act of 1933 and, therefore, resort may not be had to the special jurisdiction and service of process provisions contained in Section 22(a) which are applicable only to actions to enforce liability created by the Act. Assuming for purposes of this contention that the third-party action is not brought to enforce a liability created under the Act the contention is nevertheless unsound. While it may be that jurisdictional requirements over the person have not been dispensed with in third-party action we think that jurisdictional requirements over the subject matter have. In the instant case jurisdiction of the court over the subject matter is present in the original action and it is immaterial that it may be lacking in the third-party action for an independent jurisdictional ground in this connection need not be shown. To decide that an independent ground of jurisdiction over the subject matter must be shown in the third-party action would be to defeat the purpose of Rule 14 of the Federal Rules of Civil Procedure which are to avoid multiplicity of actions and to bring before the court all the parties at one time. The original plaintiffs have asserted a right under the Act against the original defendants and the original defendants or the third-party plaintiffs should be allowed to bring in as third-party defendants the parties who allegedly agreed to indemnify them, the third-party plaintiffs, for losses incurred under terms of the underwriting agreement.

We conclude, therefore, that the service of process upon the third-party defendants outside the territorial boundaries of Pennsylvania is not authorized by Rule 4(f) of the Federal Rules of Civil Procedure but it is authorized by the Securities Act of

1933 because the venue requirement of Section 22(a) of that Act has been satisfied.

The motions of the third-party defendants are accordingly denied. An order may be entered in conformity with the foregoing opinion.