WENDELL GRUBER, Respondent, *v.* WILBUR F. WILSON, Defendant, and FRANKLIN WILSON, Appellant.

Submitted October 22, 1937; decided November 23, 1937.

*Sol Rubin* for appellant. The City Court of Yonkers never obtained jurisdiction over the person of the defendant-appellant. (*Skyer* v. *Williamson*, 155 Misc. Rep. 18; *Bischoff* v. *Schnepp*, 139 Misc. Rep. 293; *Heihs* v. *Reinberg*, 136 Misc. Rep. 815; *Osterhoudt* v. *Horowitz*, 135 Misc. Rep. 744; *Tannenbaum* v. *Wehrle*, 133 Misc. Rep. 577; *American Historical Society* v. *Glenn*, 248 N. Y. 445.) Chapter 470 of the Laws of 1937 is not applicable. (*Kurland* v. *Chernobil*, 260 N. Y. 254; *Continental Casualty Co.* v. *Nelson*, 147 Misc. Rep. 821; *Berkowitz* v. *Dunphy*, 141 Misc. Rep. 561; *Salzman* v. *Attrean*, 142 Misc. Rep. 245; *Heihs* v. *Reinberg*, 136 Misc. Rep. 815.)

*Joseph J. Ferone* for respondent. Chapter 490 of the Laws of 1937 is controlling to sustain jurisdiction in the City Court of Yonkers. (*Lazarus* v. *Metropolitan El. R. Co.*, 145 N. Y. 581; *Laird* v. *Carton*, 196 N. Y. 169; *People* v. *Green*, 201 N. Y. 172; *Jacobus* v. *Colgate*, 217 N. Y. 235; *Robinson* v. *Robins Dry Dock & Repair Co.* 238 N. Y. 271; *Kugel* v. *Telsey*, 250 App. Div. 638; *People* v. *City of Syracuse*, 128 App. Div. 702.) The City Court of Yonkers acquired jurisdiction over the defendant-appellant, a non-resident of the State, upon compliance with section 52 of the Vehicle and Traffic Law (Cons. Laws, ch. 71) as it read prior to the enactment of chapter 490 of the Laws of 1937. (*Shushereba* v. *Ames*, 255 N. Y. 490; *Marcus* v. *Day*, 139 Misc. Rep. 283; *Recktenwalt* v. *Donovan*, 161 Misc. Rep. 109.)

CRANE, Ch. J. The plaintiff, a resident of the city of Yonkers, brought suit in the City Court of Yonkers against the defendants, Wilbur F. Wilson and Franklin Wilson, to recover for damage to his automobile, which

he alleges was caused by the defendant Franklin Wilson in operating another car. Both of the Wilsons were residents of Connecticut. Wilbur F. Wilson was not served, but Franklin Wilson, the operator of the car causing damage, was served, pursuant to section 52 of the Vehicle and Traffic Law (Cons. Laws, ch. 71); that is, a copy of the summons and complaint was left with the Secretary of State at the State Capitol Building, Albany, N. Y., and personal service of the summons and complaint was made upon Franklin Wilson by the sheriff of Middlesex county, State of Connecticut, at Middlesex, Connecticut. The action went by default and a judgment of $739.82 was entered up against Franklin Wilson who subsequently moved in the City Court of Yonkers to open the default and dismiss the complaint for want of jurisdiction. The motion was granted, but reversed by the Appellate Division, that court, pursuant to section 589, subdivision 1, of the Civil Practice Act, certifying that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals. The jurisdiction of the City Court of Yonkers over the defendant is the question which needs attention.

By article VI, section 18, of the Constitution of the State of New York, the jurisdiction of local courts is limited in the following words: " The Legislature shall not hereafter confer upon any inferior or local court of its creation, any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon County Courts by or under this article; but it may provide that the territorial jurisdiction in civil cases of any inferior or local court now existing or hereafter established in any city or of justices of the peace in cities shall extend throughout the county or counties in which such city may be located."

By article VI, section 11, the jurisdiction of County Courts is thus stated: " County Courts in counties outside the city of New York shall have the powers and jurisdiction now prescribed by law, and also original

jurisdiction in actions for the recovery of money only, where all the defendants reside in the county and in which the complaint demands judgment for a sum not exceeding three thousand dollars; * * *. The Legislature may hereafter enlarge or restrict the jurisdiction of the County Courts provided, however, that their jurisdiction shall not be so extended as to authorize an action therein for the recovery of money only * * * (2) in which any person not a resident of the county is a defendant, unless such defendant have an office for the transaction of business within the county and the cause of action arose therein."

In *American Historical Society* v. *Glenn* (248 N. Y. 445, 448) this court held that section 27 of the New York City Court Act (L. 1926, ch. 539), in so far as it provides that " all process and mandates of the court may be executed in any part of the State," is unconstitutional and void. By the Constitution the City Court of New York is to exercise generally the same functions in the city of New York as did the County Courts outside the city. (State Const. art. VI, § 15.) If the Vehicle and Traffic Law, section 52, attempts to confer upon the City Court of Yonkers jurisdiction over non-residents through process served upon the Secretary of State outside the county, its constitutionality may be seriously doubted. By chapter 852 of the Laws of 1930 the City Court of Yonkers has jurisdiction over the defendants who are residents of the county of Westchester and non-residents who have an office within the county, the cause of action arising therein. Either the plaintiff or the defendant must be a resident of the city of Yonkers. The process and other mandates of the court may be sent to any part of the county of Westchester. (§ 3.) The process in this case was served upon the Secretary of State in the county of Albany. We may, however, pass the constitutional question for the present.

Prior to the amendments of 1937 it had been held that where the Secretary of State had a branch office within

the geographical jurisdiction of the local court, service upon the Secretary of State, by leaving the process at that office, gave jurisdiction to the court. (*Salzman* v. *Attrean*, 142 Misc. Rep. 245.) Much doubt and some criticism developed, with the result that the Judicial Council attempted to clarify the situation by an amendment which it recommended to the Legislature and which became chapter 94 of the Laws of 1937. The amendment added the words permitting service " at his office in the city of Albany, or by personally delivering a copy thereof to one of his regularly established offices, with a fee of two dollars," and some other changes not now material. The Third Annual Report and Studies of the Judicial Council for the year 1937, at page 202, contains a full statement of the purpose of this amendment and a collection of all the cases upon the point. The report states: " In the case of suits brought in courts of limited territorial jurisdiction in New York city and Buffalo, it would seem advisable in view of possible Constitutional difficulties that service upon the Secretary of State should be made within the territorial jurisdiction of the local courts concerned. The Council recommended last year that section 52 be amended to clarify the permissibility of such procedure. * * * The proposal however is still in order so that the law of the cases may be codified.

" Most of the cases have assumed that service can at present be made on the New York city office or the Buffalo office of the Secretary of State, so as to give the local courts in question jurisdiction. * * * It is desirable to clarify the statute in this respect, because some authority exists for the view that the statute contemplates only service on the Albany office. * * * The Council has also considered the question of making the remedy provided by the above sections more readily available to persons with smaller claims by allowing them to invoke the aid of such tribunals as county courts and local courts in cities where the Secretary of State does not maintain a branch office. The Council, however, has

deferred action on this proposal, pending a more comprehensive study of the work of the courts throughout the entire State."

It is quite evident that the amendment of section 52 by chapter 94 of the Laws of 1937 was intended merely to clarify and make uniform the practice in view of conflicting decisions enabling the local courts to take jurisdiction of these non-resident cases where the Secretary of State had a local branch office within the territorial jurisdiction of the local court. This amendment, however, did not change the law as it was understood to be that a local court like that of the City Court of Yonkers had no jurisdiction over a non-resident who had been served by delivery of the process to the Secretary of State in Albany. So much for section 52, as amended by chapter 94 of the Laws of 1937.

This, however, was not the only amendment made this year. Chapter 490 of the Laws of 1937, not sponsored by the Judicial Council, made an additional amendment to that portion of section 52 reading: " And such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the State," by adding the following words, " and within the territorial jurisdiction of the court from which the summons issues." Should this additional clause mean that one operating a car in Westchester county impliedly gives consent to the jurisdiction over him of the City Court of Yonkers, it is inapplicable to this case, as the statute is not retroactive. Such was our decision in *Kurland* v. *Chernobil* (260 N. Y. 254), regarding section 52-a of the Vehicle and Traffic Law, and the same reasoning applies to these amendments to section 52.

The constitutionality of this chapter 490 of the Laws of 1937, as before stated, we shall not consider at this time.

While sections 1472 and 1473 of the Civil Practice Act limit the costs recoverable in actions brought in the

Supreme Court where the recovery is under fifty dollars, yet these provisions do not give the defendant costs in a case where the action cannot for jurisdictional reasons be brought in any other court. (§§ 1474 and 1475.)

Our conclusion is that section 52, prior to 1937, did not apply to service upon the Secretary of State made without the territorial jurisdiction of a local court, and that the amendment by chapter 490 of the Laws of 1937, even if constitutional, is not retroactive to cover this case.

For reasons here stated the judgment of the Appellate Division should be reversed and the order of the City Court of Yonkers affirmed, with costs in this court and in the Appellate Division.

O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur, LEHMAN, J., taking no part.

Judgment accordingly.