FRANK C. PRAETE, Plaintiff, v. ANTHONY ADAMS, Defendant.

City Court of New Rochelle, December 6, 1938.

*Martin Rosen*, for the plaintiff.

*Malcolm G. Bibby*, for the defendant.

FASSO, J.   The plaintiff, a resident of the city of New Rochelle, has brought an action in the City Court of New Rochelle against the defendant to recover damage to his automobile, which he alleges was caused by the negligence of the defendant in operating another car in the State of New York.   The defendant is a resident of the State of New Jersey, and he was served, pursuant to section 52 of the Vehicle and Traffic Law, by the service of a copy of the summons and complaint upon the Secretary of State, at his office in New York city, and by service of a copy of the summons and complaint, together with notice of service upon the Secretary of State, by registered mail upon the defendant.

The defendant has interposed a notice of his special appearance in the action.   The plaintiff now moves to set aside the special appearance of the defendant.

If the court has jurisdiction, the motion of the plaintiff to vacate the notice of special appearance must be granted. The defendant contends the court is without jurisdiction, on the ground that it has no power to send its process beyond the limits of Westchester county. The defendant contends, moreover, that a similar proposition was passed upon in the case of *Gruber* v. *Wilson* (276 N. Y. 135).

Whether or not the court has jurisdiction depends upon the provisions of the statutes applicable to the facts presented. Under the provisions of the City Court Act (Laws of 1931, chap. 499) the New Rochelle City Court has jurisdiction where the plaintiff or the defendant resides within the city of New Rochelle (§ 15); it has power to send its process to any part of the county of Westchester (§ 23); its summonses may be served upon a defendant within the county of Westchester in like manner as though the summons issued out of the Supreme Court (§ 29). Section 52 of the Vehicle and Traffic Law, as most recently amended by chapter 490 of the Laws of 1937, provides in substance that the operation by a non-resident of a motor vehicle within the State of New York is equivalent to the appointment by such non-resident of the Secretary of State as his true and lawful attorney, upon whom may be served a summons in any action against him growing out of an automobile accident. The section further provides that a summons so served shall be of the same legal force and validity as if served on the defendant personally within the State " and within the territorial jurisdiction of the court from which the summons issues." Another provision states that a summons in such an action " may issue in any court in the State having jurisdiction of the subject matter."

It is conceded by the defendant that the plaintiff is a resident of the city of New Rochelle. It is conceded, too, that the court has jurisdiction over the subject-matter. The question is, therefore, whether or not the court has jurisdiction over the person of the defendant.

It is well settled that jurisdiction may be conferred upon a court over the parties to an action by their consent. (*Jones* v. *Jones*, 108 N. Y. 415.) By his operation of a motor vehicle within the State, the defendant gave his consent that a summons served upon the Secretary of State would have the same force and effect as if personally served upon him within the State of New York. The defendant, however, urges that the City Court of New Rochelle has not jurisdiction because it has no power to send its process beyond the limits of the county of Westchester.

Prior to the recent amendment to section 52 of the Vehicle and Traffic Law, it was generally held that where service upon the Secretary of State was made within the territorial jurisdiction of a court, the service of the summons was effective and valid. In other words, if the Secretary of State had an office within the territorial jurisdiction of the court, the service of a summons upon him has been uniformly sustained. (*Maguire* v. *Reiss*, 139 Misc. 886; *Berkowitz* v. *Dunphy*, 141 id. 561; *Salzman* v. *Attrean*, 142 id. 245.) Where, however, summonses have been served upon the Secretary of State outside the territorial limits of the court, it has usually been held that the court was without jurisdiction. (*Heihs* v. *Reinberg*, 136 Misc. 815; *Bischoff* v. *Schnepp*, 139 id. 293.)

Under the law as previously construed, a resident of New Jersey could be subjected to an action in the local courts in the city of Buffalo, because the Secretary of State has an office in that city, but he could not be sued in the nearby county of Westchester, for the Secretary of State maintains no office in that locality. No sound basis existed for making this distinction, and with this situation before it, the Legislature of the State of New York passed an amendment, effective September 1, 1937, which was designed to effect a uniformity of practice. As the statute now reads, any court which has jurisdiction of the subject-matter can acquire jurisdiction over the person of a non-resident who has operated a motor vehicle within the State of New York, and has had an accident within the State, simply making service in the manner prescribed in section 52 of the Vehicle and Traffic Law. It is now recognized that the Secretary of State acts in his governmental capacity throughout the State of New York, and that the only purpose of service upon him is to insure service upon the defendant.

The statute, moreover, is based upon reason and practical convenience. It removes the arbitrary and needless distinction which formerly existed, whereby local courts in the territory where the Secretary of State has an office could acquire jurisdiction, and local courts elsewhere were without jurisdiction. It gives to the residents of the State who have small claims the right to institute actions in the lower courts of the State. This right is of benefit not only to the plaintiff but to the defendant, for it makes it possible to litigate the issues arising out of an automobile accident at a minimum of expense and at an early date. By making trials possible in local courts instead of making it necessary to institute actions in the Supreme Court, there is obviated the often difficult task of locating witnesses some years after an accident has happened, and enables both plaintiff and defendant to produce witnesses who have a fresh recollection of the occurrence. It promotes, too, a

highly desirable uniformity of practice throughout the courts of the State of New York, for in any court which has jurisdiction over the subject-matter an action can now be maintained.

The case of *Gruber* v. *Wilson* (276 N. Y. 135), submitted by the defendant, was decided without the application of section 52 of the Vehicle and Traffic Law as most recently amended. The court stated the statute was not retroactive and failed to apply it. If the words in the statute are given their ordinary meaning pursuant to the usual rule of construction, it means that local courts now have jurisdiction regardless of where the Secretary of State may be located.

The motion of the plaintiff to set aside the special appearance of the defendant is granted. No costs.