MAURICE USLAN and ALICE USLAN, Plaintiffs, *v.* WILLIAM
WORONOFF, Defendant.

City Court of New Rochelle, March 8, 1940.

*Joseph E. Muson,* for the plaintiffs.

*Lester L. Weil,* for the defendant.

FASSO, J. This is a motion to vacate the special appearance of the defendant. The action, brought by residents of the city of New Rochelle, is for damages arising out of a collision which occurred in the State of New York between two motor vehicles. At the time of the accident the defendant operated an automobile which bore Pennsylvania license plates and gave his address as 123 South Thirty-ninth street, Philadelphia, Pa. The affidavit submitted by the defendant upon this motion reveals, however, that he is permanently domiciled in the city of Mount Vernon and that he is absent from the State of New York solely because he is a student at the University of Pennsylvania. The summons and complaint in the action were served pursuant to section 52 of the Vehicle and Traffic Law by mailing a copy to the Secretary of State and service of a copy upon the defendant by registered mail at his Philadelphia address. Section 52 of the Vehicle and Traffic Law permits service in this manner upon *non-residents* of the State of New York, and the question now presented is whether the defendant was a non-resident at the time of service within the meaning of that section. The precise proposition has not, apparently, been considered by any court in this State. The main contention of the defendant is that since he has a domicile in the State of New York, he does not come within the provisions of the law. This contention is supported by some cases, which, in interpreting the words " residence " and " resided " as used in various provisions of the Civil Practice Act, hold that a requirement of residence can be satisfied only by actual domicile. (See *Kleinrock* v. *Nantex Manufacturing Co.*, 201 App. Div. 236; *DeMeli* v. *DeMeli*, 120 N. Y. 485.) In the *DeMeli* case, however, the court acknowledged that the intention in some statutes is to determine the matter of residence by the place where a person actually lives regardless where his domicile may be. As a matter of fact, there are a number of cases which hold that persons may be non-residents despite the maintenance of a domicile in the State of New York. (See *Frost* v. *Frisbin*, 19 Wend. 11; *Pooler* v. *Maples*, 1 id. 65; *Haggart* v. *Morgan*, 5 N. Y. 422.) The recent tendency is to give to the word " resident " a popular rather than a technical and restricted meaning. Thus, in *Matter of Newcomb* (192 N. Y. 238, 250) the Court of Appeals stated: " Residence simply requires bodily presence as an inhabitant in a given place, while domicile requires bodily presence in that place and also an intention to make it one's domicile." In construing the words " residing within the State," as used in section 230 of the Civil Practice Act, which deals with substituted service of summonses, the Court of Appeals, in the case of *Rawstorne* v. *Maguire* (265 N. Y. 204, 208), stated: " We may not, however,

unreasonably limit the provisions for substituted service upon persons ' residing within the State ' to those who not only reside, but are domiciled, here." In *Stoddard* v. *Manzella* (207 App. Div. 519) the court stated: " The residence of a party, within the meaning of section 182 of the Civil Practice Act, requiring an action to be tried in a county wherein one of the parties resides, is not necessarily the permanent home or domicile of a party." In view of the construction given to the term " non-residents " by the courts in many cases, if the Legislature intended to apply the term solely to persons with no domicile in this State, it could have said so in clear and unmistakable language. An examination of section 52-a of the Vehicle and Traffic Law, moreover, indicates that actual residence and not domicile is the test for the operation of the statute, for by virtue of this section the statutory method of service may be followed where a person has removed from the State and is absent for more than thirty days despite the lack of an intention to abandon his domicile. In the instant case the defendant attends a university in Philadelphia, Pa. He lives there practically the entire year; he has registered his automobile there, and has given Philadelphia as his address. Upon these facts alone, it would seem that the defendant is in no position to contest service upon him as a non-resident of the State of New York no matter where he may be domiciled. The plaintiffs were placed in the position either of serving process in the manner they adopted or of awaiting patiently the return of the defendant to his domicile. A prolonged absence, even for years, from his permanent home may occur, for he may find summer employment in the locality where he now attends college. Can it be said that meanwhile the defendant is a resident of New York? The purpose of the statute is to make possible service upon defendants who are not available within the State, and the most reasonable conclusion is to hold that actual residence, regardless of domicile, was within the contemplation of the statute. (See *Haggart* v. *Morgan*, 5 N. Y. 422.)

Although the case of *Marano* v. *Finn* (155 Misc. 793) indicates that absence at college would not effect a change of residence, the conclusion of the court is based upon the case of *Kurland* v. *Chernobil* (260 N. Y. 254) which decides merely that the provisions of the Vehicle and Traffic Law cannot be given a retroactive effect. The court in the *Kurland* case did not, however, define the terms " resident " and " non-resident " as used in sections 52 and 52-a of the Vehicle and Traffic Law. The defendant maintains, furthermore, that this court has no power to send its process beyond Westchester county, and, therefore, is without jurisdiction. The case of *Gruber* v. *Wilson* (276 N. Y. 135), cited by the defendant for

this proposition, is not applicable, for that case holds merely that the most recent amendments provide that service upon the Secretary of State shall have the same legal force as service upon the defendant personally within the State and *within the territorial jurisdiction of the court from which the summons issues* and that *a summons may issue in any court having jurisdiction of the subject-matter.* By virtue of the recent changes made in section 52 of the Vehicle and Traffic Law by chapter 490 of the Laws of 1937 this court clearly has jurisdiction. (See *Praete* v. *Adams,* 169 Misc. 776.) In view of the foregoing, it is my opinion that the defendant is a non-resident within the meaning of the law applicable, and that service upon him was valid. The motion to vacate the notice of special appearance is granted; the defendant may serve an answer within six days after the entry of an order herein.