JOSEPH LAPLACA, Plaintiff, *v.* JOHN M. HUTCHESON et al., Defendants.

County Court, Monroe County, February 20, 1948.

*Rosario J. Guglielmino* for plaintiff.

*Daniel G. Kennedy* for defendants.

BRASSER, J.   In this action for personal injuries arising out of the alleged negligent use of the highways of the State of New York by the defendants, nonresidents of the State, the defendant John Martin Hutcheson moves to dismiss the complaint on the ground that the Monroe County Court does not have jurisdiction of the person of such defendant.

Service of the summons was made upon the defendant pursuant to section 52 of the Vehicle and Traffic Law as amended. This section, providing for the mechanics of service by the service of a copy of the summons by mail upon the Secretary of State at his office in the city of Albany and the notice of such service and a copy of the summons and complaint upon the defendant by registered mail with return receipt requested, further provides " and such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state " and adds the following words " *and within the territorial jurisdiction of the court from which the summons issues."* (Italics supplied.)

The enactment of this statute, which was a somewhat revolutionary step in the matter of acquiring jurisdiction over a defendant, was caused by the Legislature in order to give residents of the State a remedy against nonresident users of highways within the State. The legislation is based on a legal theory that when a court acquires jurisdiction of the subject matter, it can also acquire jurisdiction over the person of a nonresident who has had an accident while operating a motor vehicle within the State of New York, in that a defendant by such

operation is presumed to know the law and gives his consent that a summons served upon the Secretary of State would have the same force and effect as if personally served on the defendant within the State of New York. The 1937 amendment to section 52 (L. 1937, ch. 490) added the words, " and within the territorial jurisdiction of the court from which the summons issues ". By implication, the Legislature conferred jurisdiction upon all courts having jurisdiction of the subject matter, jurisdiction over the person of the defendant when service was made as provided for in the section.

In substance, it is the contention of the defendant that the section is unconstitutional in that it is an attempt by the Legislature to confer jurisdiction upon the county courts which they do not possess under section 11 of article VI of the Constitution, relating to the powers and jurisdiction of the county courts. This section provides that the Legislature may enlarge the jurisdiction of county courts providing that jurisdiction shall not be extended to authorize an action for the recovery of a sum in excess of $3,000 or in which any person not a resident of the county is the defendant " unless such defendant have an office for the transaction of business within the county and the cause of action arose therein." The constitutionality of the act has not been passed upon by the Court of Appeals despite the fact that section 52 was originally enacted in 1930.

It is conceded in the instant case that the court has jurisdiction over the subject matter. Jurisdiction of the court may be conferred over the parties to an action by their consent. (*Jones* v. *Jones,* 108 N. Y. 415.)

Applying the rule of implied consent which is the basis for the enactment of section 52 and without which it would, in my opinion, be not only unconstitutional but virtually a nullity, I can see no conflict between provisions of the State Constitution conferring jurisdiction upon county courts as aforesaid and section 52 of the Vehicle and Traffic Law as amended. (*Praete* v. *Adams,* 169 Misc. 776; *Olsen Pianos* v. *Kyle,* 182 Misc. 399.)

I conclude that the Monroe County Court has acquired jurisdiction over the person of John Martin Hutcheson.

The motion to dismiss the complaint against such defendant is denied.

Submit order.