Frank S. McCullough, J.
This is a motion for an order setting aside the service of a summons upon the defendant John Wolt on the ground that the County Court does not have jurisdiction over the defendant Wolt under section 52 of the Vehicle and Traffic Law, or for an order under rule 107 of the Rules of Civil Practice on the ground that the court does not have jurisdiction of the subject matter.
This action arises out of an. automobile accident which occurred on the George Washington Bridge on July 27, 1958. The defendant Wolt is a domiciliary and resident of the State of New Jersey. He was served with “ process ” in this action pursuant to section 52 of the Vehicle and Traffic Law of the State of New York.
Section 11 of article VI of the Constitution of the State of New York states in part as follows: “ County courts in counties outside the city of New York shall have the powers and jurisdiction now prescribed by law, and also original jurisdiction in actions for the recovery of money only, where all the defendants reside in the county * * ®. The legislature may hereafter enlarge or restrict the jurisdiction of the county courts provided, however, that their jurisdiction shall not bo so extended as to authorize an action therein for the recovery of money only « * * (2) which any person not a resident of the county is a defendant, unless such defendant have an office for the transaction of business within the county and the cause of action arose therein.”
The primary question herein is whether section 52 of the Vehicle and Traffic Law can confer jurisdiction upon the County Court despite the constitutional limitations set forth above.
In opposition to the motion the plaintiff cites Praete v. Adams (169 Misc. 776) and Uslan v. Woronoff (173 Misc. 693, affd. 259 App. Div. 1093).
In each of the two cases cited by the plaintiff, there were factors present which, in the opinion of the court, distinguish them from the case at bar.
In the Praete case the New Rochelle City Court was the forum. Under the New Rochelle City Court Act (L. 1931, ch. 499) that court has jurisdiction where the plaintiff or the defendant resides within the City of New Rochelle; its summonses may be served upon a defendant within the .County of Westchester in like manner as though the summons issued out of the Supreme Court. The court would have had jurisdiction *619 in the Praete case whether or not the defendant was a resident of New Rochelle since the plaintiff himself was a resident of New Rochelle, and this was sufficient under the applicable statutes. Thus, section 52 was primarily involved in that case with the question of service of process.
Similarly, in the TJslan ease, the- New Rochelle City Court was again the forum and again the plaintiffs were -themselves residents of the City of New Rochelle so that regardless of the residence of the defendant, the court could take jurisdiction. Thus, the decision of the court holding that service of process on a nonresident defendant pursuant to section 52 was valid, actually was restricted to service of process and not jurisdiction.
The court has found two conflicting decisions bearing more directly on the facts as they appear in the instant case.
In Skyer v. Williamson (155 Misc. 18), the court stated: “ This action was brought pursuant to the provisions of section 52 of the Vehicle and Traffic Law of the State of New York. The defendant is a non-resident and service upon him, if valid, was made pursuant to the aforesaid statute. While section 52 of the Vehicle and Traffic Luav does not specify in Avhat court such actions may be commenced and brought, nevertheless the jurisdiction of the County Court is limited and in no way was it ever given jurisdiction over non-residents. All of the cases cited by the attorney for the plaintiff are cases involving the City Court of New York city or the Municipal Court of the city of NeAV York, both of which courts are regulated by the proAdsions of special legislation and have different jurisdictional requirements than has the County Court. The defendant appears specially herein for the purpose of making this motion. I am of the opinion that this court has no jurisdiction of the present action and so hold, without prejudice to the plaintiff to commence a new action in the proper forum. Motion to dismiss complaint for lack of jurisdiction, granted.”
On the other hand in La Placa v. Hutcheson (191 Misc. 27), the court reasoned that since jurisdiction may be conferred over the parties to an action by their consent, the County Court could obtain jurisdiction under section 52 by applying the rule of implied consent which is the basis of section 52.
In the opinion of this court the Shyer decision is the sounder one. Section 52 may be utilized to effect service of process upon a nonresident in an action brought in a court in which the defendant need not be a resident as a prerequisite to such court taking jurisdiction. However, a holding that section 52 may be employed as a means of conferring jurisdiction upon the County *620 Court of Westchester in an action involving an accident occurring on the George Washington Bridge, where the defendant is a nonresident, would be violative of the Constitution.
With respect to the approach of the court in La Placa v. Hutcheson (supra) that the rule of implied consent is a vital factor, the court notes the analogous, decision in Didio v. S. A. Healy Co. (40 N. Y. S. 2d 278). There, Judge Coyne observed that since the County Court has no jurisdiction over a foreign corporation, the defendant, if it was a foreign corporation could not waive the jurisdictional objection by the interposition of an answer addressed to the merits. He stated at page 280: ‘ ‘ Lack of jurisdiction of the person may be waived in a case where under certain circumstances the Court could have (italics mine) jurisdiction; it cannot be waived in a case where by constitutional limitation the court is Avithout jurisdiction in any event (Wachtel v. Diamond State Engineering Corp., supra).”
In the ease-at bar the nonresidence of the defendant raises a constitutional limitation which cannot be cured merely by effecting service.
The court calls attention to the language of section 67 of the Civil Practice Act, wherein the Legislature has delineated the jurisdiction of the County Court. In subdivision 3 of that section, one of tAvo conditions Avit-h respect to residence of the defendant must exist: (a) The defendant, or if there are íavo or more defendants, all of them, at the time of the commencement of the action, must reside in the county, or, (b) must have an office for the transaction of business Avithin the county and the cause of action must have arisen therein.
It is conceded that the defendant Wolt Avas not a resident of Westchester County at the time of the commencement of this action and further, even if said defendant Avere deemed' in some Avay to have an office for the transaction of business in the county, the cause of action herein arose outside of Westchester County.
In the light of the constitutional and statutory limitations, it appears clear that this court Avould haATe no jurisdiction of an action against a nonresident of the State upon Avhom personal service was effected within the territorial boundaries of this county. If such be the case, it is hardly logical that service effected pursuant to section 52 could'produce a different result.
Accordingly, it is incumbent' upon this court to dismiss the complaint for lack of jurisdiction, without prejudice to the commencement of a new action in the proper forum.