Joseph A. Lichtenthal, J.
In this action brought by resident plaintiffs of the City of White Plains to recover damages for injuries to person and property arising from an automobile accident in the State of New York, service of process on the nonresident individual defendant and on the foreign corporate defendant was effected through the Secretary of State pursuant to section 253 of the Vehicle and Traffic Law. Both defendants appeared generally by attorneys and served an answer which, in addition to placing in issue the relevant allegations of the complaint, pleaded affirmatively that this court does not have jurisdiction over the subject matter of the action.
When the individual defendant failed to appear at the office of plaintiffs’ attorney in New Rochelle, N. Y. to be examined before trial pursuant to a notice served on his attorneys, the plaintiffs made the instant motion to strike defendants ’ answer. Thereupon the defendants cross-moved for summary judgment dismissing the complaint on the ground that the court does not have jurisdiction of the subject matter of the action for the reason that the defendants are a foreign resident and a foreign corporation not doing business within Westchester County or the State of New York and service of process was effected pursuant to section 253 of the Vehicle and Traffic Law.
The City Court Act of the City of White Plains (L. 1944, ch. 783, as amd.) provides in section 201 that the process and mandates of this court may be served and executed throughout the county (Westchester County) and in section 205 that the summons may be served upon the defendant within the county (Westchester) in like manner as in the Supreme Court. The service here made upon the defendants pursuant to the provisions of section 253 (formerly § 52) of the Vehicle and Traffic Law was by virtue thereof the legal equivalent of service upon the defendants personally within the County of Westchester for said section provides that ‘ ‘ any such summons against him [i.e., a nonresident motorist who by operation of his vehicle in New York has made the Secretary of State his agent] which is so served shall be of the same legal force and validity as if served on him personally within the state and within the territorial jurisdiction of the court from which the summons issues ”. In any event, the defendants appeared generally in this action and submitted their persons to the jurisdiction of this court and the complaint cannot be dismissed unless the court lacks jurisdiction of the subject matter of the action itself.
*1086 In Shaw v. Wolt (28 Misc 2d 617, 618) the County Court dismissed for lack of jurisdiction a complaint in an action against a nonresident of the State commenced by service of the summons under section 52 of the Vehicle and Traffic Law because the constitutional prerequisite of County Court jurisdiction was that “ all the defendants reside in the county.” In that case, however, the learned County Judge Frank S. McCullough noted (p. 619) that “ Section 52 may be utilized to effect service of process upon a nonresident in an action brought in a court in which the defendant need not be a resident as a prerequisite to such court taking jurisdiction.” In so doing he referred to two cases decided by the City Court of New Rochelle, namely, Praete v. Adams (169 Misc. 776) and Uslan v. Woronoff (173 Misc. 693, affd. 259 App. Div. 1093). Under the New Rochelle City Court Act its City Court has jurisdiction where the plaintiff or the defendant resides within the City of New Rochelle, and its summonses may be served upon a defendant within the County of Westchester in like manner as though the summons issued out of the Supreme Court — similar provisions as are contained in section 203 of the White Plains City Court Act.
Such a provision of the White Plains City Court Act vesting jurisdiction in this court where the plaintiff alone resides in White Plains does not by its omission to require also the residence of the defendant in Westchester County constitute an enlargement of this court’s jurisdiction beyond the constitutional limitations imposed on inferior local courts by former section 18 of article VI of the New York State Constitution. Said section read in part as follows: “ The legislature shall not hereafter confer upon any inferior or local court of its creation .any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon county courts by or under this article; but it may provide that the territorial jurisdiction in civil cases of any inferior or local court now existing or hereafter established in any city or of justices of the peace in cities shall extend throughout the county or counties in which such city may be located.”
In Matter of Buoneto v. Buoneto (278 N. Y. 284, 287) the Court of Appeals reached the conclusion “ that article VI, section 18 of the Constitution does not prohibit the Legislature from granting to local courts jurisdiction over non-resident defendants who .are served with process within the territorial limits of their jurisdiction.” In so deciding the court relied upon its earlier case of Worthington v. London Guar. & Acc. Co. (164 N. Y. 81, 83, 91) where the words “ any greater jurisdiction in other respects than is conferred upon County Courts by or under this *1087 .article ” were construed to mean that “ The framers of the Constitution, in contemplating the creation of inferior local tribunals by the legislature and limiting its power, were not dealing with the jurisdiction of these future courts as to territory, non-resident parties defendant or foreign corporations, but as to subject-matter ; they were not to have, in a general way, greater powers, importance, and dignity than a County Court.”
The defendants’ cross motion for judgment dismissing the complaint is therefore denied. The alternative relief sought by them for an order vacating and setting aside plaintiffs’ notice of examination before trial is granted and the plaintiffs ’ motion to strike the answer of the defendants is denied without prejudice however to the plaintiffs properly obtaining the deposition of the defendants by following the procedure authorized in section 300 of the Civil Practice Act.