Daniel G. Albert, J.
This motion for review of the taxation of costs (Civ. Prac. Act, § 1536) is based on the ground that the plaintiffs are not entitled to costs and disbursements under subdivision 3 of section 1474 of the Civil Practice Act.
The defendants in this consolidated action are residents of New Jersey, and service of process was effected on them through the Secretary of State (Vehicle and Traffic Law, § 253). The plaintiffs recovered a total judgment of $1,275 and no one plaintiff recovered more than $300.
Since the defendants are not residents of Nassau County, it is quite clear that no jurisdiction over them could be obtained by service of process in a -County Court action (Civ. Prac. Act, § 67). The circumstance that process was served in accordance with the provisions of the Vehicle and Traffic Law cannot change this situation (Shaw v. Wolt, 28 Misc 2d 617). The territorial jurisdiction of the Nassau County District Court, likewise, does not extend beyond the boundaries of Nassau County (Nassau County District Court Act, § 262). It must follow, therefore, that the provisions of subdivisions 2 or 3 of section 1474 of the Civil Practice Act, respecting the limitation of costs recoverable in actions brought in the Supreme Court, have no application *865 where the action cannot he brought in any other court for jurisdictional reasons (Gruber v. Wilson, 276 N. Y. 135). The defendants’ other objections to the taxation of costs for service of summons on the Secretary of State and for witness fees also have no merit. The motion is denied.