Howard A. Levine, J.
The defendant, Eugene Hodgkins, moves to dismiss the complaint as against him on jurisdictional *149 grounds. The action against both defendants arose out of an automobile accident which occurred July 9, 1970. It is uncontroverted that at the time of the accident, the defendant Hodgkins was and has continuously remained a resident of the State of Georgia, and not of the County of Schenectady, nor has he an office for the transaction of business in the county of Schenectady. Personal service was effected upon him by service upon the Secretary of State of the State of New York under the provisions of section 253 of the Vehicle and Traffic Law.
The basis of the defendant’s motion to dismiss is that under section 190 of the Judiciary Law, the County Court of the County of Schenectady has no jurisdiction in this kind of action unless all of the defendants reside within the County of Schenectady.
Plaintiff’s position in opposition to the motion is that section 190 of the Judiciary Law has been modified by the provisions of section 253 of the Vehicle and Traffic Law, the New York nonresident motorist statute. The pertinent portion of section 253 provides that the ‘ ‘ use or operation by a non-resident of a vehicle in this state * * * shall be deemed equivalent to an appointment by such non-resident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such non-resident may be involved while using or operating such vehicle in this state * * * and such use or operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served upon him personally within the state and within the territorial jurisdiction of the court from which the summons issues ” (italics supplied).
The italicized portion of section 253 was added in a 1937 amendment (L. 1937, ch. 490) to then section 52 of the Vehicle and Traffic Law, now renumbered as section 253.
Plaintiff, relying on the authority of La Placa v. Hutcheson (191 Misc. 27) argues that the County Court of Schenectady County has jurisdiction of the subject matter of this transitory tort action, and that the foregoing 1937 amendment was intended to provide for implied consent on the part of the nonresident motorist to the exercise of jurisdiction by cmy New York court having jurisdiction over the subject matter. Thus, plaintiff’s position is that by this amendment to the nonresident motorist statute, the operation of a motor vehicle in New York by such nonresident is deemed not only a consent to substitute personal service, but also to the waiver of any residency requirement *150 otherwise limiting the jurisdiction of any court having jurisdiction over the subject matter.
I find nothing in the express language of section 253, as amended, to justify this construction. The original purpose of the nonresident motorist statute was to afford a basis for obtaining in personam jurisdiction over the out-of-State driver whose absence prevented the physical service of the summons within the State. The language of the amendment on its face merely extended the effect of substitute personal service upon the Secretary of State to permit acquisition of in personam jurisdiction over the nonresident motorist by those local courts having only local territorial jurisdiction. The pertinent jurisdictional limitation contained in section 190 of the Judiciary Law deals not with the question of in personam jurisdiction, but with limitations on the County Court’s exercise of jurisdiction over classes of defendants. Under section 190-b of the Judiciary Law, the County Court’s in personam jurisdiction is as extensive as that of the Supreme Court, permitting service of its process throughout the State, without special legislation, providing that the foregoing residency requirements are met.
It is noteworthy that at the time of enactment of chapter 490 of the Laws of 1937 the provisions of section 190 of the Judiciary Law limiting classes of defendants over whom the County Court may exercise jurisdiction, were contained in the judiciary article of the New York Constitution (art. VI, § 11). In the absence of far clearer expression of legislative intent than is presented here, it can hardly be assumed that this amendment was intended to alter constitutional limitations on jurisdiction of the County Court, as urged by the plaintiff here.
The reasoning of the County Court in La Placa, in extending County Court jurisdiction with respect to the nonresident motorist under the theory of implied consent, has been rejected by other courts which have passed on the question. (See Skyer v. Williamson, 155 Misc. 18; Shaw v. Wolt, 28 Misc 2d 617; Ambrosio v. Disimino, 39 Misc 2d 864.)
The apparent purpose of the Legislature in enacting chapter 490 of the Laws of 1937 was to deal with the problem of the acquisition of in personam jurisdiction in local courts having limited territorial jurisdiction. The term ‘ ‘ territorial jurisdiction ” is particularly applicable to such courts and was referred to in this same context in the judiciary article in the Constitution as it existed in 1937. See section 18 of article VI, quoted in American Historical Soc. v. Glenn (248 N. Y. 445). Such local or inferior courts were not subject to the County Court’s limitation on the acquisition of jurisdiction over non- *151 county residents. (See 1 Carmody-Wait 2d, New York Practice, p. 142; Worthington v. London Guar. & Acc. Co., 164 N. Y. 81; Routenberg v. Schweitzer, 165 N. Y. 175.) Local inferior courts, however, were limited in the acquisition of in personam jurisdiction by the requirement of personal service of process within their territorial limits. Chapter 490 of the Laws of 1937 was one of two amendments to then section 52 of the Vehicle and Traffic Law in 1937, dealing with problems of jurisdiction of such local courts under the New York nonresident motorist statute. The first amendment (L. 1937, ch. 94) clarified the question of jurisdiction of any such court by permitting personal service on the Secretary of State at a branch office if one were located within the geographical area of the court. (See Gruber v. Wilson, 276 N. Y. 135.) Chapter 490, the amendment relied upon by the plaintiff in the instant case, further extended such in personam jurisdiction of local or inferior courts throughout the State by providing that service upon the Secretary of State was equivalent to personal service upon the nonresident motorist within the territorial jurisdiction of any such local court.
For the foregoing reasons, I conclude that section 190 of the Judiciary Law prevents the County Court of the County of Schenectady from exercising jurisdiction over this nonresident defendant and that the complaint should be dismissed as against him, without prejudice to the commencement of a new action in the proper forum.