OPINION OF THE COURT
Edward H. Lehner, J.
In this action to recover for property damages resulting from an automobile accident in Westchester County on November 27, 1977, plaintiff (a Pennsylvania corporation) sues McPherson (a Connecticut resident), the owner of the vehicle allegedly causing the accident, and Wheatle (a New Jersey resident at the time of the accident, but a Bronx resident at the time of the commencement of the action), who was the driver of such vehicle.
Before the court is plaintiff’s motion to strike defendants’ affirmative defenses that the court lacks both personal and subject matter jurisdiction.
As to subject matter jurisdiction, this being a transitory tort action where the amount claimed is not more than $10,000, the court clearly has such jurisdiction (CCA, § 202).
With regard to personal jurisdiction over McPherson, he was served as a nonresident motorist by service upon the Secretary of State under section 253 of the Vehicle and Traffic Law. Nothing in the papers indicates where such service was made. Subdivision 1 of said section reads as *78 follows with respect to service upon the Secretary of State as a means of acquiring jurisdiction over a nonresident whose automobile is used within the State: “such use or operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state and within the territorial jurisdiction of the court from which the summons issues” (emphasis supplied). Subdivision 2 then provides in part as follows: “A summons in an action described in this section may issue in any court in the state having jurisdiction of the subject matter”.
Defendant McPherson argues in opposition to the motion that personal jurisdiction over him was not obtained because the tortious act alleged did not occur within the City of New York as required by section 404 (subd [a], par 2) of the New York City Civil Court Act (CCA) and “this Court can never obtain jurisdiction on a non-resident defendant for an accident occurring outside of the territorial limits of this Court.”
Although said section 404 lists certain instances where the Civil Court will have in personam jurisdiction when service is made outside the city or State, section 403 contains additional authorizations. Said section reads as follows: “Service of summons shall be made in the manner prescribed in supreme court practice, but it shall be made only within the city of New York unless service beyond the city be authorized by this act or by such other provision of law, other than the CPLR, as expressly applies to courts of limited jurisdiction or to all courts of the state.”
In his practice commentary in McKinney’s Supplement under section 403 of the CCA Professor David D. Siegel discusses whether the Legislature intended to require that for service under section 253 of the Vehicle and Traffic Law that there be “some connection with the territory of the lower court.” He concludes that the intent of said section “seems rather clearly to be to permit statewide service in any court which has, simply, jurisdiction over the subject matter” (Practice Commentary, McKinney’s Cons Laws of NY, CCA, Book 29A, 1980-1981 Pocket Part, p 60) and that the intent of the drafters “was apparently to permit service *79 of process in the widest possible area, even in courts of limited jurisdiction” (Practice Commentary, McKinney’s Cons Laws of NY, CCA, Book 29A, 1980-1981 Pocket Part, P 61).
In Bonk v Hodgkins (68 Misc 2d 148), the defendant, a resident of Georgia, was served under section 253 of the Vehicle and Traffic Law. The County Court dismissed the action ruling that section 190 of the Judiciary Law requires that all defendants reside within the county, and that such limitation prevailed over the language of section 253 providing that service thereunder is deemed made within the territorial jurisdiction of the court from which the summons issued. The court said (p 150) that the said provision of section 253 “was to deal with the problem of the acquisition of in personam jurisdiction in local courts having limited territorial jurisdiction.” The court pointed out that such courts of limited jurisdiction (such as the Civil Court) were not subject to the County Court’s limitation of jurisdiction over nonresidents.
Therefore, the court finds that the authorization referred to in section 403 of the CCA for service outside the City of New York pursuant to “such other provision of law” would include a reference to section 253 of the Vehicle and Traffic Law and that in any action involving an accident with a nonresident occurring anywhere within the State, the Civil Court will have jurisdiction if service is made under said section 253 and the amount sued for is not more than $10,000. Hence, the court has personal jurisdiction over the defendant McPherson.
With respect to the defendant Wheatle, the affidavit of service showed service under the “nail and mail” provisions of CPLR 308 (subd 4), with attempts at service having been made on Thursday, October 30, 1980 at 5:45 p.m. and on Saturday, November 1, 1980 at 12:05 p.m. The defendant argues that such attempts do not constitute the “due diligence” required in attempting to effect service under subdivisions 1 and 2 prior to effecting service under subdivision 4. Having examined Barnes v City of New York (70 AD2d 580, app dsmd 48 NY2d 630) and Competello v Giordano (71 AD2d 871), cited by the defendants, I find that the attempts on both a weekday and a weekend at the *80 times indicated constitute sufficient due diligence to authorize service under CPLR 308 (subd 4).
The suggestion in the moving papers that the venue may be improper is rejected as the one party who resides in the City of New York is the defendant Wheatle, who resides in Bronx County. Hence, venue is proper. (CCA, § 301.)
Thus, plaintiff’s motion to dismiss the second and third affirmative defenses of both of the defendants is granted.