■ ANGELINA FATTARUSSO, Respondent, v LEVCO AMERICAN IMPROVEMENT CORP. et al., Defendants, and BERNARD LAVENDER, Appellant.—In an action to recover sums due under promissory notes, the defendant Lavender appeals from an order of the Supreme Court, Suffolk County (McCarthy, J.), entered February 18, 1988, which denied his motion to vacate a judgment entered February 5, 1982, as against him, upon his default in answering the plaintiff's motion for summary judgment in lieu of complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the judgment as against the defendant Lavender is vacated, and the action is dismissed as against him.

The plaintiff purportedly commenced this action in 1981 by service pursuant to CPLR 308 (4) of a notice of motion for summary judgment in lieu of complaint and supporting papers (see, CPLR 3213). There is no indication that a summons accompanied the motion papers, which, according to the process server's affidavit of service, were "nailed and mailed" after three attempts at personal service. Two of the attempts were made on Monday, September 21, 1981, one at 9:00 A.M., the other at 8:30 P.M. The third attempt was made on Tuesday, September 22, 1981, at 8:40 A.M. There is no indication that the process server made inquiry of neighbors as to the defendant Lavender's whereabouts or working habits.

Although it is claimed that the defendant Lavender appeared at the plaintiff's attorney's office to discuss settlement, he did not appear on the motion, which was granted against him without opposition in the amount of $47,500 plus interest. In November 1987 upon the plaintiff's attempt to execute on the judgment against him, the defendant Lavender moved for vacatur of the judgment on the ground that the court lacked in personam jurisdiction over him (see, CPLR 5015 [a] [4]). The Supreme Court denied the motion on account of his failure to submit an affidavit of merits. We reverse.

It is a fundamental rule in this State that "[a]n action is commenced and jurisdiction acquired by service of a summons" (CPLR 304). That the plaintiff proceeded by way of motion for summary judgment in lieu of complaint does not dispense with the jurisdictional requirement that a summons be served (CPLR 304; cf., CPLR 3213; see, Gomez v Bobker, 104 AD2d 790). Moreover, the affidavit of the process server dem-

onstrates that there was no compliance with the due diligence requirement of CPLR 308 (4) *(see, Bleier v Heschel,* 128 AD2d 662). Jurisdiction was not acquired over the defendant Lavender and, because his informal appearance at the plaintiff's attorney's office did not constitute an appearance in the action *(cf.,* CPLR 320), the judgment entered against him is a nullity. Whether the defendant Lavender possessed a meritorious defense to the action was irrelevant for purposes of determining his motion to vacate the judgment as against him *(see, Shaw v Shaw,* 97 AD2d 403, 404), which should have been granted. Mangano, J. P., Brown, Kooper and Harwood, JJ., concur.