■ ELLEN KAZDAN et al., Respondents, v CHARLES MERLIS et al., Appellants.—In an action to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Queens County (Hentel, J.), dated April 11, 1988, which, after a hearing, denied their motion to vacate their default in appearing and answering; and (2) a judgment of the same court dated June 16, 1989, which is in favor of the plaintiffs in the principal sum of $1,650.

Ordered that the appeal from the order dated April 11, 1988, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, the order is vacated, the defendants' motion to vacate their default is granted, and the action is dismissed.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Upon the record before us, the plaintiffs have failed to establish that the defendants were properly served with process. Specifically, the plaintiffs did not prove that the process server exercised due diligence prior to resorting to substituted

service or that he properly affixed and mailed copies of the summons and complaint to effectuate service *(see, Fattarusso v Levco Am. Improvement Corp.,* 144 AD2d 626; *Werner v Schweit,* 138 AD2d 592). In addition, no evidence was presented that service was ever completed by the filing of proof of service with the clerk of the court *(see,* CPLR 308 [4]). Accordingly, the action is dismissed. Kooper, J. P., Sullivan, Lawrence and Rosenblatt, JJ., concur.