Anthony SARTOR, Plaintiff–Appellee,

Utica Taxi Center, Inc., Defendant–
Appellee,

v.

Pierre TOUSSAINT and Julien
Mesamours, Defendants–
Appellants.

No. 01–9194.

United States Court of Appeals,
Second Circuit.

Sept. 6, 2002.

Michael I. Josephs, Norman Volk & Assocs., P.C., New York, N.Y., for Appellants.

Glenn A. Herman, Herman & Herman, New York, N.Y., for Appellee.

PRESENT: MESKILL, STRAUB, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendants-appellants Pierre Toussaint ("Toussaint") and Julien Mesamours ("Mesamours") appeal from a September 28, 2001, order of the District Court (Victor Marrero, *Judge*) denying their motion to vacate a default judgment entered against them. Plaintiff Anthony Sartor ("Sartor") brought this action against Toussaint, Mesamours, and Utica Taxi Center, Inc. ("Utica Taxi") for personal injuries sustained during a collision with a taxi cab. Mesamours was the driver of the taxi, Toussaint is the registered owner, and Utica Taxi apparently leases and garages the vehicle. Sartor filed the complaint on January 18, 2001. None of the defendants answered. On March 30, 2001, the District Court entered a default judgment awarding Sartor $100,000 against the defendants jointly and severally.

On May 10, 2001, defendants Toussaint and Mesamours, represented by their insurance company, filed an application to vacate the default judgment on the basis that they never received service of process. The District Court held an evidentiary hearing at which Mesamours and Brenton Palmer ("Palmer"), the process-server, testified.* Palmer testified that he served Toussaint by delivering a copy of the summons and complaint to an employee at Utica Taxi and sending another copy by first class mail to that address. Palmer also testified that he attempted to serve Mesamours at his home on three occasions, and when he received no answer, he resorted to "nail-and-mail" service on the third occasion by affixing a copy of the summons and complaint to Mesamours'

door and sending another copy by first class mail.

Mesamours testified that he never received the complaint, and that either he or his wife was at home on each of the three occasions. The District Court credited Palmer's version of events and concluded that Mesamours was properly served. The court found that Toussaint's affidavit denying receipt of process was "insufficient" to warrant vacatur of the default judgment. Accordingly, the defendants' motion to vacate was denied. Both defendants appeal, claiming that service under the C.P.L.R. was improper for various reasons.

Under Fed.R.Civ.P. 55(c), an entry of default may be set aside "[f]or good cause shown." Where a default judgment has been entered, it may also be set aside in accordance with Rule 60(b), which includes the ground of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). In applying the "good cause" inquiry in the context of Rules 55(c) and 60(b), courts examine (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *See Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir.1993). In addition, courts may consider other equitable factors, including whether "the entry of default would bring about a harsh or unfair result." *Id.*

Typically, the decision whether to vacate a default judgment is left to the "sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Id.* at 95. However, "[a district

---

* Toussaint did not appear for the hearing, although his attorney claims that he erroneously gave Toussaint the wrong date.

court's] discretion is nonetheless not unlimited .... [because of the] oft-stated preference for resolving disputes on the merits." *Id.; see also Traguth v. Zuck,* 710 F.2d 90, 94 (2d Cir.1983) ("[A]n abuse of discretion need not be glaring to justify reversal." (internal quotation marks and brackets omitted)). Indeed, "defaults are generally disfavored and are reserved for rare occasions...." *Enron,* 10 F.3d at 96. Any doubts as to whether vacatur is warranted should be resolved in favor of the defendant. *See id.*

Applying the "good cause" factors, the District Court apparently assumed that vacatur would result in little prejudice to Sartor, most likely because the defendants' motion was brought less than six weeks after the default judgment was entered. The court concluded, however, that the defendants had failed to present a meritorious defense, despite the fact that Mesamours disputed the facts surrounding the car accident. The court also concluded that Mesamours had acted willfully in failing to answer because the court disbelieved his claim that he did not receive process.

While we accord significant deference to the District Court's application of the "good cause" factors, we do have a separate concern regarding the propriety of Palmer's service on Mesamours. Under Fed.R.Civ.P. 60(b)(4), a defendant may move to set aside a default judgment on the ground that the "judgment is void." "[W]hen a judgment entered against the defaulting party is void, the Court has no discretion and is compelled to grant the motion for the reason that a void judgment cannot be enforced." *Wrobleski v. Morrissette,* No. 96 CV 0182, 2000 WL 129184, at *1 (W.D.N.Y. Jan.27, 2000). A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected. *See Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 84–87, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Velez v. Vassallo,* 203 F.Supp.2d 312, 317–18 (S.D.N.Y.2002); *Fattarusso v. Levco Am. Import Co.,* 144 A.D.2d 626, 535 N.Y.S.2d 62, 63 (1988). Nor can actual notice of suit cure a failure to comply with the statutory requirements for serving process. *See Raschel v. Rish,* 69 N.Y.2d 694, 512 N.Y.S.2d 22, 24, 504 N.E.2d 389 (1986); *Martin v. N.Y. State Dep't of Mental Hygiene,* 588 F.2d 371, 373 (2d Cir. 1978); *Reed Holdings Inc. v. O.P.C. Corp.,* 122 F.R.D. 441, 443–44 (S.D.N.Y.1988).

Palmer served Mesamours pursuant to C.P.L.R. 308(4), which permits "nail-and-mail" service in cases where the process-server "with due diligence" is unable to effect service under the C.P.L.R.'s other prongs. *See* N.Y. C.P.L.R. 308(1) (personal service); *id.* 308(2) (service upon person of suitable age and discretion at defendant's actual place of business, dwelling place, or usual place of abode). "The due diligence requirement of C.P.L.R. 308(4) should be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received." *Moran v. Harting,* 212 A.D.2d 517, 622 N.Y.S.2d 121, 121 (1995). Where due diligence is not exercised, the attempted service fails as a matter of law because the court never obtained personal jurisdiction over the defendant. *See European Am. Bank & Trust Co. v. Serota,* 242 A.D.2d 363, 661 N.Y.S.2d 282, 283 (1997).

Palmer testified that he rang the doorbell for Mesamours' apartment and knocked on the outer lobby door of his apartment building at 8:45 p.m. on Friday, January 19, 2001, at 7:00 a.m. on Wednesday, January 24, 2001, and at 6:40 p.m. on Tuesday, February 20, 2001. During his third visit, Palmer affixed the notice of summons and complaint to the "door of

**14**

said premises" and mailed copies to the same address.

There is substantial authority for the proposition that three attempts at residential service do not satisfy the "due diligence" requirement where the process-server made no attempt to serve the defendant at his actual place of business, in particular where the place of business was known. *See, e.g., Travelers Ins. Co. v. Monpere,* No. 93 Civ. 0127, 1997 WL 9792, at *2 (W.D.N.Y. Jan. 2, 1997); *Reed Holdings,* 122 F.R.D. at 443–44; *Gurevitch v. Goodman,* 269 A.D.2d 355, 702 N.Y.S.2d 634, 635 (2000); *Moran,* 622 N.Y.S.2d at 122; *Fattarusso,* 535 N.Y.S.2d at 63; *Gintzler v. Schwarz,* 129 Misc.2d 836, 494 N.Y.S.2d 649, 650–51 (Sup.Ct.1985). New York case law is not, however, wholly consistent on this point. *See, e.g., Dunleavy v. Moya,* 237 A.D.2d 176, 655 N.Y.S.2d 371, 371 (1997); *Union Garage, Inc. v. Wheatle,* 108 Misc.2d 77, 437 N.Y.S.2d 52, 54 (Civ.Ct.1981).

Palmer testified that during his third and final visit, he inquired of a neighbor in the outer lobby as to Mesamours' place of employment, but that the neighbor was unable to "divulge" that information. However, the complaint itself states that Mesamours operated the taxi "within the scope of his employment with Utica Taxi Center, Inc." Moreover, Palmer served both Toussaint and Utica Taxi at Utica Taxi's place of business. Thus, there is a serious question whether Palmer exercised the requisite due diligence because he could have attempted to serve Mesamours, or a person of suitable age and discretion, at Utica Taxi. *See Steltzer v. Eason,* 131 A.D.2d 833, 517 N.Y.S.2d 193, 194 (1987) (due diligence lacking where process-server knew of defendant's place of employment but only attempted to serve his residence).

Accordingly, we find it appropriate to remand to the District Court for a deter-

mination as to whether Palmer fulfilled the due diligence requirement under New York law, and therefore whether service upon Mesamours complied with the C.P.L.R. in the first instance. Further, we note that a question exists with respect to service upon Defendant Toussaint. Palmer attempted service upon Toussaint by leaving a copy of the summons and complaint with an employee of Utica Taxi. *See* C.P.L.R. 308(2) (service may be effected by delivering the summons and complaint to a person of suitable age and discretion at the defendant's "actual place of business"). Toussaint argues that Utica Taxi is not his "actual place of business" because he merely leases and garages his taxi at that location. The District Court did not make a specific finding on this issue. On remand, therefore, the District Court should also endeavor to determine whether service on Toussaint was proper as a matter of law.

For the reasons set forth above, the judgment of the District Court is hereby VACATED and REMANDED for further proceedings consistent with this opinion.